**UNITED STATES of America,**
Appellee,

v.

**Carlos LOPEZ, also known as Charlie Chan, also known as Chan; Rafael Lopez, also known as Tito, Defendants–Appellants.**

No. 02–1746(L), 02–1748(CON).

United States Court of Appeals,
Second Circuit.

June 9, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED IN PART and REVERSED IN PART.

Kelly T. Currie, Christina B. Dugger, Assistant U.S. Attorneys, for Roslynn R. Mauskopf, U.S. Attorney for the Eastern District of New York (Susan Corkery, Assistant U.S. Attorney, on the brief), for Appellee.

Lawrence Mark Stern, New York, NY, for Defendant–Appellant Carlos Lopez.

Daniel M. Felber, Balsam Felber & Goldfield, New York, NY, for Defendant–Appellant Rafael Lopez.

PRESENT: NEWMAN, CALABRESI, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Carlos and Rafael Lopez, brothers and co-defendants, are both serving life sentences for their leadership roles in a violent and lucrative crack distribution ring ("the Flowershop Enterprise"). The conspiracy operated in the vicinity of a flower shop in Brooklyn, New York, and, at times, in the Eastern District of Virginia, and engaged in a wide variety of crimes, including murder, assault, and the sale of cocaine base. After a two-week jury trial, both defendants were convicted of one count of racketeering conspiracy, 18 U.S.C. § 1962(d), and one count of conspiracy to distribute and possess with intent to distribute cocaine base, 21 U.S.C. § 846. Carlos Lopez was also convicted of obstruction of justice murder of Edward Montalvo, in violation of 18 U.S.C. § 1512(a)(1)(C). They were sentenced

principally to concurrent terms of life imprisonment, as well as supervised release and special assessments. Defendants now bring a host of challenges to their convictions and sentences. Because all but one of their claims are without merit, we AFFIRM the judgment below, with the exception of Carlos Lopez's conviction on Count III, charging him with murder to prevent communications to a federal officer in violation of 18 U.S.C. § 1512(a)(1)(C), which we REVERSE for the reasons stated in a separate opinion issued today.

Carlos Lopez claims, first, that the government did not produce sufficient evidence for a rational jury to find that the racketeering and narcotics conspiracies, or his participation in them, continued into the five-year statute of limitations period. *See* 18 U.S.C. § 3282. The defendant bears a heavy burden in bringing a sufficiency challenge: We view all evidence in the light most favorable to the government and credit every inference that the jury might have drawn to the government. *See United States v. Walker*, 191 F.3d 326, 333 (2d Cir.1999). Applying this standard, we find that the evidence in this case adequately supported the jury's conclusion that the conspiracy did not end more than five years before the date of the indictment. Carlos Lopez did not contend at trial that he withdrew from the conspiracy before the statutory period began, and applying plain error review, we conclude that he cannot prevail on such a theory on appeal. *See United States v. Flaharty*, 295 F.3d 182, 192 (2d Cir.2002).

■ Carlos Lopez also contends that the indictment was fatally flawed with respect to the obstruction of justice murder of Montalvo charged in Count III because it charged him with intent to prevent the deceased from communicating with a "law enforcement officer," rather than with intent to prevent the deceased from communicating with a "law enforcement officer ... *of the United States*," as the statute requires. 18 U.S.C. § 1512(a)(1)(C) (emphasis added).[1] But this objection was not lodged until sentencing, and absent a "clear showing of substantial prejudice," we must construe the indictment liberally in favor of sufficiency. *See United States v. Wydermyer*, 51 F.3d 319, 324 (2d Cir. 1995). No such substantial prejudice has been shown, and we find that, liberally construed, the indictment adequately set forth the charges to the Grand Jury and put the defendant on notice of the essential elements of the crime. *See, e.g., id.; United States v. Goodwin*, 141 F.3d 394, 401–02 (2d Cir.1997).

The third argument pressed by Carlos Lopez, that the racketeering count was constructively amended by the district court's jury instructions, also fails. We apply the plain error standard, because the defendant raises this claim for the first time on appeal. *See United States v. Vebeliunas*, 76 F.3d 1283, 1291 (2d Cir.1996). Although the indictment was mildly ambiguous, a fair reading of the charge makes clear that it alleged a racketeering agreement between the two defendants *and* other members of the conspiracy. There was thus no plain error.

■ We also reject the claim that the government impermissibly vouched for the credibility of prosecution witnesses by suggesting that their cooperation agreements gave them an incentive to tell the truth. A prosecutor "may not properly vouch for the credibility of a witness," *United States v. Thai*, 29 F.3d 785, 807 (2d Cir.1994), but when defense counsel has attacked "the

---

1. Carlos Lopez also challenges the sufficiency of the evidence supporting his conviction on this count, which we address in the opinion separately issued today.

prosecutor's credibility or the credibility of the government agents, the prosecutor is entitled to reply with 'rebutting language suitable to the occasion.'" *United States v. Praetorius,* 622 F.2d 1054, 1060–61 (2d Cir.1979) (citation omitted). Here, defense counsel vigorously attacked the witnesses' credibility, including through the insinuation that they were lying in order to secure lesser sentences. Under the circumstances, the government's statements in rebuttal were proper. The defendants' contention that the district court impermissibly vouched for these witnesses is similarly without merit. Judge Gleeson properly asked the jury to consider whether these cooperation agreements were likely to induce credible testimony *or* to promote strategic falsehoods.

Carlos Lopez additionally contends that the admission of various hearsay statements violated his right to confront the witnesses against him. We disagree. First, Edward Montalvo's hearsay statements were properly admitted, because Federal Rule of Evidence 804(b)(6) excepts from the hearsay rule a "statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness." Fed.R.Evid. 804(b)(6); *see United States v. Dhinsa,* 243 F.3d 635, 653 (2d Cir.2001) ("Rule 804(b)(6) places no limitation on the subject matter of the declarant's statements that can be offered against the defendant at trial to prove that the defendant murdered the declarant."). Second, while the hearsay statement offered by the witness Jose Salcedo may have been unfortunate, the judge issued a strong curative instruction. And we "normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable

to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." *Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (internal citations omitted). We have no cause to believe, in this case, that the jury would have been incapable of obeying the instructions, and thus we resolve this dispute in favor of the government.

Defendants argue that evidence of narcotics and weapons discovered during a search of their Virginia motel room and car should have been suppressed because there were manifest errors in the search warrant affidavit and no probable cause to support the searches. We conclude that the district judge was within his discretion to deny a *Franks* hearing, because the defendants did not make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). And there was certainly probable cause to search the motel room. Moreover, even if there had not been probable cause to search the automobile, which we do not decide, we conclude that the officers carrying out that search acted in objectively reasonable reliance on the magistrate judge's probable-cause determination and on the technical sufficiency of the warrant he issued. *See United States v. Leon,* 468 U.S. 897, 919–20, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

In order to convict a defendant of a RICO conspiracy, the government must prove that the defendant agreed that he or a co-conspirator would commit at least two or more predicate racketeering acts.

*See Salinas v. United States,* 522 U.S. 52, 65, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997). Rafael Lopez claims that the RICO conspiracy charged in Count I must be dismissed against him, because the two predicate acts he was charged with were multiplicitous.[2] *See United States v. Holmes,* 44 F.3d 1150, 1153–54 (2d Cir. 1995). We apply the familiar "same elements" test set out in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *see also United States v. Gore,* 154 F.3d 34, 44 (2d Cir.1998) (applying this test to multiple acts charged under the same statutory provision). Because the attempt and conspiracy charges each "require[d] proof of an additional fact which the other does not," the crimes charged were not multiplicitous. *Blockburger,* 284 U.S. at 304, 52 S.Ct. 180.

■ Rafael Lopez further contends that his sentence for Count I (racketeering conspiracy) exceeded the maximum penalty authorized by statute for the offense charged in the indictment, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). RICO predicate act three of that Count did not specify an amount of drugs to be attributed to the conspiracy. But it was in every other way identical to Count II, which charged a narcotics conspiracy involving 50 grams or more of cocaine base. The jury was instructed to treat the two counts identically, and returned guilty verdicts on both charges. On that basis, the court sentenced the defendant to life imprisonment on the racketeering charge, instead of the 20 years that would have been the maximum punishment for an unspecified amount of narcotics. Because the petit jury was correctly charged with the fact that resulted in the enhanced penalty, the defendant's only claim regards an alleged constructive amendment of the indictment. But because Count Two of the indictment correctly charged the drug amount in question, and was in every other respect identical to RICO predicate act three, there was effectively no constructive amendment. In addition, the Grand Jury specifically found that there was sufficient evidence to charge the defendants with 50 grams or more of cocaine base on Count II, and there is thus no danger that "a federal prosecution [was] begun by arms of the Government without the consent of fellow citizens." *United States v. Thomas,* 274 F.3d 655, 670 (2d Cir.2001) (in banc). Furthermore, the " 'notice' related concerns" of the law of indictments are not substantially implicated by the factual circumstance presented here. *United States v. Miller,* 471 U.S. 130, 135, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) (citation omitted).

Rafael Lopez argues in a *pro se* brief that the district court abused its discretion in denying him a Bill of Particulars. We find that the district court acted within its "sound discretion" by denying his motion. *United States v. Torres,* 901 F.2d 205, 234 (2d Cir.1990). His other *pro se* claim, that the district court should have "enforced" a

---

2. Predicate act three of the RICO conspiracy count alleged that from January 1989 to May 1996, "within the Eastern District of New York, the Eastern District of Virginia and elsewhere, ... Carlos Lopez and Rafael Lopez, together with others" conspired to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. Predicate act four of the count alleged that in January 1995, "within the Eastern District of Virginia ... Carlos Lopez and Rafael Lopez, together with others" attempted to distribute and possess with intent to distribute cocaine base in violation of the same statute.

stipulation agreed to at trial, is also without merit.

Lastly, Rafael Lopez claims that his prosecution on Count Two in this case (the narcotics conspiracy count), violates the constitutional prohibition on double jeopardy, because it was predicated on the same conspiracy that he was prosecuted for under a 1999 indictment. He argues that the Flowershop Enterprise was a single, uninterrupted conspiracy that lasted from 1989 to 1999. Presuming that defendant has offered sufficient evidence to shift the burden of persuasion to the government, *see United States v. Macchia*, 35 F.3d 662, 668 (2d Cir.1994), we conclude, after applying the familiar *Korfant* factors, that the government adequately proved that the conspiracies in question were distinct in law and fact. *See United States v. Korfant*, 771 F.2d 660, 662 (2d Cir.1985).

We have considered all of the appellants' claims, including those others alleging insufficient evidence and ineffective assistance of counsel, and find them meritless, with the noted exception of Carlos Lopez's insufficiency-of-the-evidence argument relating to Count III. We therefore AFFIRM the judgment of the District Court in all respects except for Carlos Lopez's conviction on Count III, which we REVERSE in a separate opinion.