UNITED STATES of America, Appellee,

v.

Rafael LOPEZ and Carlos Lopez, Defendants–Appellants.

Nos. 05–3709–cr(L), 05–5653–cr(Con).

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

Kelly T. Currie, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Susan Corkery, Christina B. Dugger, Assistant United States Attorneys, of counsel), Brooklyn, NY, for Appellee.

Daniel M. Felber, Balsam Felber & Goldfield, (Rafael Lopez, pro se), New York, NY, for Defendant–Appellant Rafael Lopez.

Lawrence Mark Stern, (Carlos Lopez, pro se), New York, NY, for Defendant–Appellant Carlos Lopez.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Rafael and Carlos Lopez appeal from judgments entered on July 15, 2005, and October 11, 2005, respectively, by the United States District Court for the Eastern District of New York (Gleeson, *J.*), resentencing Rafael Lopez to 360 months' imprisonment and declining to resentence Carlos Lopez and affirming his sentence of life imprisonment. Both defendants were convicted of one count of RICO conspiracy, 18 U.S.C. § 1962(d), and one count of conspiracy to distribute and possess with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), 846.[1] We assume the parties' familiarity with the facts and procedural history of this case.

 Defendant Carlos Lopez argues that the district court erred in applying the Guideline provision for the federal offense of first-degree murder, U.S.S.G. § 2A1.1, because the jury was not asked to find premeditation when convicting him for the RICO conspiracy that involved the racketeering activity of second-degree murder under New York state law. This argument fails under *United States v. Minicone*, 960 F.2d 1099 (2d Cir.1992), and its progeny. When the underlying conduct in a RICO conspiracy violates state law, the Guidelines require the district judge to apply the "offense level corresponding to the most analogous federal offense." U.S.S.G. § 2E1.1 cmt. n. 2; *see also Minicone*, 960 F.2d at 1110. *Minicone* upheld the district court's determination that "the most analogous federal offense [to the New York offense of second degree murder] was first degree murder under [18 U.S.C.] § 1111." *Id.*; *see also United*

States v. Carr, 424 F.3d 213, 231 (2d Cir. 2005).

 Defendants argue that retroactive application of the remedial holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to their sentencing violates due process and the *ex post facto* clause because they did not have fair warning of the potential penalties they faced. *See United States v. Vaughn*, 430 F.3d 518, 524 (2d Cir.2005) (holding that retroactive application of *Booker*'s remedial holding on direct appeal does not violate *ex post facto* principles inherent in the Due Process Clause when defendants had "fair warning that their conduct was criminal, ... [and] fair warning of the potential penalties they faced" for that conduct); *see also United States v. Fairclough*, 439 F.3d 76, 78–79 (2d Cir.2006) (per curiam) (applying *Vaughn* to district court sentencing). Carlos Lopez contends that he did not have fair warning that he could be sentenced under the First Degree Murder Guideline because this Court did not decide *Minicone* until 1992, after he committed the second-degree murder offense. Nonetheless, the Guidelines at the time of Carlos Lopez's crime stated that the sentencing court would apply the offense level for the "most analogous federal offense," U.S.S.G. § 2E1.1, and that the First Degree Murder Guideline could apply not only to premeditated killing, but also "when death results from the commission of certain felonies." *See* U.S.S.G. app. C, amend. 663 (amending U.S.S.G. § 2A1.1 and stating previous language). Rafael Lopez argues that he did not receive fair warning because the amount of drugs the jury found would have resulted in a Guide-

1. Carlos Lopez was also convicted of obstruction of justice murder under 18 U.S.C. § 1512(a)(1)(C), but an earlier panel of this Court overturned that conviction on appeal.

*See United States v. Lopez*, 372 F.3d 86 (2d Cir.2004), *vacated for reconsideration in light of Booker by* 544 U.S. 902, 125 S.Ct. 1613, 161 L.Ed.2d 273 (2005) (mem.).

lines range of 151–188 months. Without addressing whether Rafael Lopez's calculation is correct, this argument ignores our holding in *Vaughn* that the relevant statutory maximum is sufficient to provide a defendant fair warning of the potential penalties he faces. *See Vaughn*, 430 F.3d at 524. Carlos and Rafael Lopez received fair warning under the applicable statutes in this case. *See* 18 U.S.C. § 1963(a) (prescribing, for violation of § 1962, a maximum penalty of 20 years or "life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment"); 21 U.S.C. § 841(b) (prescribing a sentence of "not … less than 10 years or more than life" for violation of § 841(a)); § 846 (same for conspiracy). Finally, Defendants' argument that *Booker*'s construction of the Sentencing Reform Act to include a "savings clause" constitutes a "legislative adjustment" does not alter our *ex post facto* analysis. *See Rogers v. Tennessee*, 532 U.S. 451, 461, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (holding that *ex post facto* analysis of judicial decisions must be conducted under the Due Process Clause and that retroactive application of judicial interpretation does not violate due process unless the change was "'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue'" (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964))); *see also Vaughn*, 430 F.3d at 524. Sentencing a defendant to the maximum penalty he could face under an applicable statute governing the conduct at issue is not so "unexpected and indefensible" as to violate due process.

■ Both Carlos and Rafael Lopez argue that their sentences for life imprisonment and 360 months' imprisonment, respectively, are unreasonable. We review a district judge's Guidelines sentence for reasonableness, *see United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006) (citing *United States v. Booker*, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)), without presuming that it is so, *cf. Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007). Our "[r]easonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *Fernandez*, 443 F.3d at 27. The district court sentenced Carlos Lopez to life imprisonment, the maximum within the applicable Guidelines range, based on "the facts adduced at trial—particularly the chilling evidence of the murder of Edward Montalvo." Our reversal of Carlos Lopez's obstruction of justice murder conviction for failure to produce sufficient evidence of the requisite federal nexus does not disturb the jury's fact-finding on the second-degree murder offense as part of the racketeering activity. With respect to Rafael Lopez, the district court modified the sentence from life imprisonment to 360 months' imprisonment, based on a review of the factors under § 3553(a), including the seriousness of the offense and Rafael Lopez's criminal history. Neither Carlos nor Rafael Lopez has met his burden of showing that Judge Gleeson "exceeded the bounds of allowable discretion[,] … committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotation marks omitted) (alteration and omission in original).

Rafael Lopez also challenges the district court's understanding that computation of his sentence would commence on November 11, 2002. The district court committed

no error because, as Judge Gleeson's order implicitly recognizes, "[t]he Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any prior time spent in custody." *United States v. Montez–Gaviria,* 163 F.3d 697, 700–01 (2d Cir.1998); *see also* 18 U.S.C. § 3585 (addressing when a sentence commences and when a defendant should receive credit for time in custody).

Carlos and Rafael's remaining arguments are foreclosed because they were previously considered and rejected by this Court on direct appeal. *See United States v. Lopez,* 100 Fed.Appx. 32 (2d Cir.2004) (summary order) (rejecting, *inter alia,* arguments that (i) the jury instructions constructively amended the indictment; (ii) the government impermissibly vouched for the credibility of witnesses; (iii) predicate acts charged in RICO conspiracy were multiplicitous; and (iv) the district court impermissibly found that racketeering activity 3 in Count I of the indictment charged a narcotics conspiracy involving 50 grams or more of cocaine base).

For the foregoing reasons, the judgment of the district court is AFFIRMED.