United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10564
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LEONARD SCHEER,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:04-CR-17-ALL
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Leonard Scheer appeals his 120-month sentence following his
guilty plea to being a felon in possession of a firearm.  He
seeks to challenge his sentence in light of United States v.
Booker, 543 U.S. 220 (2005).  Scheer first avers that the
district court erred by not incorporating, through "reverse
incorporation," the Ex Post Facto Clause into the Due Process
Clause of the Fifth Amendment.  He contends that such
incorporation would protect defendants like him, whose offenses

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were committed prior to <u>Booker</u>, by prohibiting the court from imposing a greater sentence under the now advisory guideline scheme than was permitted under the mandatory guideline scheme.

This argument is foreclosed.  <u>See</u> <u>United States v. Austin</u>, 432 F.3d 598, 599-600 (5th Cir. 2005).

Scheer makes the related arguments that the district court violated his right to "fair notice under the Due Process Clause of the Fifth Amendment" by enhancing his sentence based on facts that were not charged in the indictment and were neither admitted by him nor found by a jury beyond a reasonable doubt.  Scheer contends that the remedial portion of <u>Booker</u>'s holding may not be applied in his case without violating the Due Process and Ex Post Facto Clauses.  Scheer thus argues that the district court should have applied the Sentencing Guidelines as mandatory in his case but should not have enhanced his sentence based on facts that were not charged in the indictment and were neither admitted by him nor found by a jury beyond a reasonable doubt.  Scheer recognizes that this court has rejected these arguments.

Scheer's arguments are foreclosed.  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.) (the "sentencing judge is entitled to find by a preponderance of the evidence all facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guideline sentence"), <u>cert. denied</u>, 126 S. Ct. 43 (2005); <u>see also</u> <u>Austin</u>,

432 F.3d at 599-600.  The judgment of the district court is

AFFIRMED.