United States Court of Appeals
Fifth Circuit

F I L E D

April 13, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40361
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

PEDRO CASILLAS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-619-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Pedro Casillas appeals his guilty-plea conviction and
sentence for possessing with the intent to distribute heroin.
We affirm the district court's judgment.

    Casillas, who was sentenced after the Supreme Court issued
its decision in United States v. Booker, 543 U.S. 220 (2005),
argues that he is entitled to retroactive application of Booker's
Sixth Amendment holding, but that the remedial portion of
Booker's holding, which made the United States Sentencing

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines advisory, may not be applied in his case without violating the Due Process and Ex Post Facto Clauses of the Constitution.  Casillas's argument is foreclosed by this court's precedent.  See United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005); United States v. Scroggins, 411 F.3d 572, 575-76 (5th Cir. 2005).

Casillas argues, for the first time on appeal, that 21 U.S.C. § 841(b)(1)(A) and (B) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  As Casillas concedes, that argument also is foreclosed by this court's precedent.  See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).  Casillas raises the issue solely to preserve it for Supreme Court review.

Casillas next argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release.  Casillas's claim is not ripe for review and is therefore dismissed for lack of jurisdiction.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662); United States v. Carmichael, 343 F.3d 756, 757, 761-62 (5th Cir. 2003).

Finally, Casillas argues that we should remand his case to the district court for correction of a clerical error in the judgment.  The Government concedes that remand is appropriate because the judgment erroneously reflects that Casillas was

convicted of a drug offense involving 3.96 kilograms of heroin when in fact, he was convicted of an offense involving only 2.28 kilograms of heroin.  Accordingly, this case is REMANDED to the district court for the limited purpose of correcting the clerical error.  <u>See</u> FED. R. CRIM. P. 36.

AFFIRMED; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT