United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 05-50503
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STACY CARTER DANIEL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-209-1
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

A jury convicted Stacy Carter Daniel of conspiracy to distribute methamphetamine, conspiracy to attempt to manufacture methamphetamine, and possession of a substance, pseudoephedrine, used to manufacture methamphetamine. The court sentenced Daniel to 120 months on each count, below the 360-month guideline minimum and the 20-year statutory maximum for the conspiracy counts. Daniel appeals her conviction and sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Daniel contends that the evidence was insufficient to convict her on any count. Her challenge to the conspiracy counts is based on her assertion that the accomplices who testified against her were not credible. We do not review of the weight of the evidence or the credibility of the witnesses. United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993). There was ample evidence that, when viewed in the light favorable to the verdict, would allow any reasonable jury to find Daniel guilty beyond a reasonable doubt on each count. United States v. Jaramillo, 42 F.3d 920, 922-23 (5th Cir. 1995).

Daniel contends for the first time on appeal that we should grant a new trial under FED. R. CRIM. P. 33, based on the great weight of the evidence. This argument might have been appropriate in the district court, but we do not reweigh the evidence on appeal. See United States v. Arnold, 416 F.3d 349, 360-61 (5th Cir. 2005).

Daniel contends that her sentence was improperly based on facts neither admitted by her nor proved to the jury beyond a reasonable doubt. Under the advisory Sentencing Guidelines mandated by United States v. Booker, 543 U.S. 220 (2005), the district court was entitled to find the facts to support the sentence in the same manner as before Booker. See United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Because Daniel did not present evidence to rebut the

facts in the pre-sentence report, the district court was entitled to rely on those facts, including facts pertaining to drug quantity, Daniel's role in the conspiracy, and the risk of danger to her children. See United States v Lopez-Urbina, 434 F.3d 750, 767 (5th Cir. 2005). Daniel has failed to show that any of the district court's factual findings were clearly erroneous. See United States v. Gonzales, 436 F.3d 560, 584 (5th Cir. 2006) (post-Booker review of sentencing facts is for clear error).

Daniel's contention that judicial fact-finding under post-Booker advisory Guidelines violates the constitutional prohibition of ex post facto laws is foreclosed by United States v. Austin, 432 F.3d 598, 599 (5th Cir. 2005).

Daniel's contention that her criminal history score was invalid fails because, as she acknowledges, there is no authority for the proposition that criminal history facts must be alleged in an indictment and proved to a jury. See Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 1264 (2004); Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998). Daniel fails to show that her sentence below the properly calculated guideline range was unreasonable. Cf. Alonzo, 435 F.3d at 554 (sentence within properly calculated guidelines range is presumed reasonable).

The judgment of the district court is AFFIRMED.