United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-40537
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

RAMON DE LEON,

Defendant-
Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-473-2
--------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:*

     Ramon De Leon appeals the sentence imposed following his guilty-plea conviction for transporting an illegal alien. The sentence was imposed under advisory Sentencing Guidelines pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and included an upward departure based on guideline factors. *See* U.S.S.G. § 4A1.3.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

De Leon contends for the first time on appeal that the court wrongly departed based on conduct that had already been considered as relevant conduct in the calculation of his offense level. Only the number of the previously smuggled aliens was counted as relevant conduct, and De Leon fails to show that it was plain error for the court to base the departure on the frequency and similarity of prior alien-smuggling episodes, indicating that DeLeon is a likely recidivist. *See United States v. McDowell*, 109 F.3d 214, 215, 218 (5th Cir. 1997).

De Leon also contends that retroactive application of *Booker*'s advisory guideline scheme violates ex post facto and due process principles. Applying the remedial portion of *Booker* to a sentencing hearing where the underlying offense was committed pre-*Booker* does not violate ex post facto or due process principles. *United States v. Austin*, 432 F.3d 598, 599-600 (5th Cir. 2005). The conviction and sentence are affirmed.

De Leon argues, and the Government concedes, that the case should be remanded for correction of a clerical error in the Statement of Reasons which incorrectly states that the district court departed upward based on "several unadjudicated offenses involving violence." The case is remanded solely for correction of the clerical error in the Statement of Reason. FED. R. CRIM. P. 36.

CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED FOR CORRECTION OF CLERICAL ERROR