United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20415
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARAKUMO GOODLUCK LOYA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-508-ALL
--------------------

Before Barksdale, Stewart, and Clement, Circuit Judges.

PER CURIAM:*

Barakumo Goodluck Loya (Loya) appeals his sentence following his guilty-plea convictions for possession with intent to distribute more than 100 grams of heroin and importation of more than 100 grams of heroin. Loya was sentenced to 87 months of imprisonment and five years of supervised release.

Loya's offense occurred prior to the decision in United States v. Booker, 543 U.S. 220 (2005), but he was sentenced after Booker was decided. Loya argues that, although he is entitled to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retroactive application of <u>Booker</u>'s Sixth Amendment holding, the remedial portion of <u>Booker</u>'s holding, which made the Sentencing Guidelines advisory, may not be applied in his case without violating the Due Process and Ex Post Facto Clauses of the Constitution. This question is foreclosed. <u>See</u> <u>United States v. Austin</u>, 432 F.3d 598, 599-600 (5th Cir. 2005); <u>United States v. Scroggins</u>, 411 F.3d 572, 575-76 (5th Cir. 2005).

Loya also argues that the district court erred by denying him a minor role adjustment pursuant to U.S.S.G. § 3B1.2. Following <u>Booker</u>, this court reviews the district court's application of the Sentencing Guidelines de novo and reviews factual findings for clear error. <u>See</u> <u>United States v. Villegas</u>, 404 F.3d 355, 359 (5th Cir. 2005); <u>United States v. Villanueva</u>, 408 F.3d 193, 203 & n.9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 268 (2005). Although Loya asserts that he merely served as the courier for the heroin, the record reveals that Loya met with several others involved in the smuggling operation, that he was able to persuade the others to change certain details of the operation (such as the length of time he would be in Nigeria and the airport from which he would depart), that he was to be paid a substantial sum for transporting a large quantity (one kilogram) of heroin, and that his role as courier was indispensable to the overall operation. Based on these facts, we conclude that the district court did not clearly err in denying a mitigating role adjustment.

Loya argues that 21 U.S.C. §§ 841 and 960 were rendered facially unconstitutional by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). He concedes that this argument is foreclosed by our opinion in <u>United States v. Slaughter</u>, 238 F.3d 580, 581-82 (5th Cir. 2000), which rejected a broad <u>Apprendi</u>-based attack on the constitutionality of 21 U.S.C. § 841. He raises these issues only to preserve them for Supreme Court review.

Loya has also filed a pro se motion to relieve the Federal Public Defender and to appoint new counsel on appeal. This motion is DENIED.

AFFIRMED; MOTION FOR APPOINTMENT OF NEW COUNSEL DENIED.