United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40384
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER MARCELINO DE HOYOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1702-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Walter Marcelino De Hoyos appeals his 28-month sentence following a guilty plea to possession with intent to distribute less than 50 kilograms of marijuana. De Hoyos argues that his sentence under advisory Sentencing Guidelines pursuant to United States v. Booker, 543 U.S. 220 (2005), violates principles of due process and the Ex Post Facto Clause; that the district court plainly erred by failing to give him adequate notice that it was considering an upward departure at sentencing; that his sentence, a four-month upward deviation from the Sentencing Guidelines, is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable because the district court considered an impermissible sentencing factor, i.e., unadjudicated arrests; and that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of his supervised release.

As De Hoyos did not object to the application of advisory Sentencing Guidelines in the district court, we review for plain error. United States v. Olano, 507 U.S. 725, 734 (1993). The retroactive application of the remedial opinion in Booker to determine a post-Booker sentence does not violate ex post facto and due process principles. United States v. Austin, 432 F.3d 598, 599 (5th Cir. 2005). Thus, no error occurred, plain or otherwise. Id.; Olano, 507 U.S. at 732. De Hoyos has likewise failed to show that the district court plainly erred by failing to provide adequate notice that it was considering an upward departure. United States v. Jones, 444 F.3d 430, 443 (5th Cir. 2006).

The sentence imposed by the district court is a minimal increase from the properly calculated applicable Guideline range. In light of the court's stated focus on rehabilitation and deterrence, we conclude that his sentence was reasonable. United States v. Smith, 440 F.3d 704, 710 (5th Cir. 2006).

De Hoyos's claim regarding DNA collection is not ripe for review on direct appeal. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed

(Jan. 9, 2006) (No. 05-8662).  Accordingly, we dismiss this claim for lack of jurisdiction.  Id. at 1102.

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.