**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 19, 2006[*]
Decided July 21, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-4111

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| DANA WARMUZ, *Defendant-Appellant.* | No. 04-CR-938-1 |
| | Amy J. St. Eve, *Judge.* |

**O R D E R**

Dana Warmuz pleaded guilty to embezzlement, *see* 18 U.S.C. § 656, and was sentenced under the advisory sentencing guidelines to 24 months in prison. Now she argues that her sentence violates ex post facto principles of due process because the district court would have been required to impose a lower sentence under the mandatory guidelines regime that was in place when she committed her crime.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

As Warmuz acknowledges, we have already decided that no due process violation arises from retroactively applying the advisory regime created by *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Paulus*, 419 F.3d 693, 698-99 (7th Cir. 2005); *United States v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005). Nonetheless, Warmuz asks us to change the rule. In a number of recent cases, however, we have already rejected the arguments she offers for overruling our precedent. *E.g.*, *United States v. Sliman*, 449 F.3d 797, 801 (7th Cir. 2006); *United States v. Farris*, 448 F.3d 965, 968-69 (7th Cir. 2006).

Indeed, we are especially confident of our views when we consider that every other circuit agrees with us. *See United States v. Lata*, 415 F.3d 107, 110-12 (1st Cir. 2005); *United States v. Fairclough*, 439 F.3d 76, 78-79 (2d Cir. 2006) (per curiam), *cert. denied*, 2006 WL 1527191 (U.S. June 19, 2006); *United States v. Pennavaria*, 445 F.3d 720, 723-24 (3d Cir. 2006); *United States v. Davenport*, 445 F.3d 366, 369-70 (4th Cir. 2006); *United States v. Austin*, 432 F.3d 598, 599-600 (5th Cir. 2005) (per curiam); *United States v. Richardson*, 437 F.3d 550, 555 (6th Cir. 2006); *United States v. Wade*, 435 F.3d 829, 832 (8th Cir. 2006) (per curiam); *United States v. Dupas*, 419 F.3d 916, 919-21 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1484 (2006); *United States v. Rines*, 419 F.3d 1104, 1106-07 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 1089 (2006); *United States v. Duncan*, 400 F.3d 1297, 1306-08 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 432 (2005); *United States v. Alston-Graves***, 435 F.3d 331, 343 (D.C. Cir. 2006).

Accordingly, the judgment of the district court is **AFFIRMED**.