**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4027**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID CARPENTER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (CR-05-101)

Submitted:  August 16, 2006        Decided:  October 19, 2006

Before WILLIAMS and TRAXLER, Circuit Judges, and Henry F. FLOYD, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Michael L. Desautels, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Joanne Vella Kirby, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Carpenter appeals the sentence imposed on him for being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Although the district court plainly erred by failing to give Carpenter notice of its intent to vary upwardly from the sentencing guidelines, we exercise our discretion not to notice the plain error and affirm Carpenter's sentence as reasonable.

I.

On December 28, 2003, Carpenter accompanied his wife Theresa to the St. Albans, West Virginia home of Theresa's ex-husband, Thomas Yoder, to confront Yoder about allegations of child abuse that Yoder had made against Carpenter. Carpenter remained in the car while Theresa went inside to discuss the allegations with Yoder. When Theresa returned to the car and prepared to leave, Yoder came out of the home and threatened Carpenter. As Theresa and Carpenter drove away, Carpenter fired three shots from a pistol out of the front passenger window.

The gunfire was reported to the St. Albans police department, who responded to the scene. Yoder provided a detailed description of Carpenter's car, and a short time later the police located the car and initiated a traffic stop. Inside the car, the police found a Jennings .22 caliber semi-automatic pistol underneath the front

passenger seat.  Carpenter, a convicted felon, later admitted that he fired the pistol.

Carpenter pleaded guilty to a one count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1).  The Presentence Report (PSR) recommended a base offense level of 14, see U.S. Sentencing Guidelines Manual § 2K2.1(a)(6)(A) (2004), and a 4 level enhancement because Carpenter possessed the firearm in connection with committing another felony offense, see id. § 2K2.1(b)(5), namely, the West Virginia felony of wanton endangerment involving a firearm, see W. Va. Code § 61-7-12 (2005).  The PSR also recommended a 3 level downward adjustment for acceptance of responsibility.

Carpenter objected to the enhancement based on the felony of wanton endangerment involving a firearm, contending that there was "not sufficient proof that the firing of the firearm 'create[d] a substantial risk of death or serious bodily injury to another.'" (J.A. at 149 (quoting W. Va. Code § 61-7-12.)(alteration in original).)  Because of Carpenter's objection, the district court received evidence at his sentencing hearing to determine if Carpenter was responsible for wanton endangerment involving a firearm.  Carpenter presented testimony from his wife Theresa, ATF Agent Shannon Sullivan, and Sergeant T.A. Kemper of the St. Albans Police Department about where the shots were fired and the spent shells recovered.  After hearing this testimony, the district court

agreed that the evidence did not "show the necessary substantial risk of death or serious bodily injury that would be necessary to find the felony enhancement." (J.A. at 99.) The district court noted, however, that it was not "deprecat[ing] the seriousness" of Carpenter's actions and would "deal with it later." (J.A. at 99.)

The district court then determined that the advisory guideline range without the felony enhancement and with a decrease for acceptance of responsibility would be 15-21 months. Carpenter allocuted by stating, "I know what I did was wrong. And I didn't shoot at nobody [sic]. I shot at the ground. I knew it was wrong and I shouldn't have possessed the gun, but I did. And I'm sorry." (J.A. at 110.)

Thereafter, the district court sentenced him to 30 months' imprisonment. The district court noted that the sentence was outside the guideline range, but concluded that a variance sentence was necessary to take into account factors under 18 U.S.C.A. § 3553(a) that were not addressed by the advisory guideline sentence. Carpenter timely noted an appeal of his sentence.

II.

On appeal, Carpenter raises three issues: (1) the district court erred by failing to provide notice of its intent to vary upwardly from the guideline range; (2) the retroactive application of the remedial scheme of United States v. Booker, 543 U.S. 220

4

(2005), which makes the guidelines advisory and allows for district court discretion to sentence outside the guideline range, represents ex post facto decisionmaking that violates due process; and (3) the sentence imposed was unreasonable. We address each argument in turn.

A.

Carpenter is correct that the district court erred by failing to provide notice of its intent to vary upwardly from the guideline range. Rule 32 of the Federal Rules of Criminal Procedure requires the district court to give "reasonable notice" to the parties before it departs from the guideline sentencing range "on a ground not identified for departure either in the presentence report or in a party's prehearing submission." Fed. R. Crim. P. 32(h).[1] In United States v. Davenport, 445 F.3d 366 (4th Cir. 2006), we held that Rule 32(h)'s requirement of "notice of an intent to depart or vary from the guidelines remains a critical part of sentencing

_____

[1] Rule 32(h) states, "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure." Fed. R. Crim P. 32(h).

5

post-Booker." Id. at 371. The district court therefore erred in failing to provide Carpenter notice.[2]

Carpenter did not object to the lack of notice, but he contends that his failure "to lodge an objection is due to the lack of opportunity to make such an objection." (Appellant's Br. at 8.) Nevertheless, we have stated that in order to preserve an objection for harmless error review a defendant must object to the lack of notice under Rule 32(h) either at the hearing -- after the court announces its sentence -- or in a post-hearing motion. United States v. Spring, 305 F.3d 276, 281 (4th Cir. 2002). Because Carpenter did not object at either time, we review for plain error only. Id.

In Spring, we concluded that failure to provide notice under Rule 32(h) is plain error that affects a defendant's substantial rights. Id. at 282 ("The error was plain because the decision to depart upward without comment from the parties violated the clear direction of [the Rule]. And, the error resulted in an increased sentence and therefore affected substantial rights."). Although in Spring we exercised our discretion to notice and correct the error, we did so because the lack of notice "impaired [the defendant's] opportunity to be heard on an important matter affecting his

---

[2]Because United States v. Davenport, 445 F.3d 366 (4th Cir. 2006) had not been decided at the time of Carpenter's sentencing, we do not fault the district court for failing to comply with that decision.

sentence <u>and because his arguments against the upward departure</u> <u>have sufficient weight that the district court</u>, in the exercise of its broad discretion, <u>might accept them</u> when [the defendant] has a chance to present them." <u>Id.</u> at 283 (emphases added).

In this case, although Carpenter contends that he was harmed by the lack of notice because he was not given an opportunity to be heard on his variance sentence, he does not present any argument that he would have made against the upward variance. Because Carpenter has not shown us any argument that he would have made against the upward variance, much less an argument of sufficient weight that the district court would have found persuasive, we exercise our discretion not to notice the district court's plain error of failing to provide Carpenter notice under Rule 32(h) of its intent to impose a variance sentence.

## B.

Carpenter also raises an ex post facto challenge to the district court's retroactive application of <u>Booker</u>'s remedial scheme because the remedial scheme, by treating the sentencing guidelines as advisory only, increased his potential punishment. The Ex Post Facto Clause states, "No . . . ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3; <u>see</u> <u>also</u> <u>id.</u>, § 10, cl. 1 (prohibiting states from enacting ex post facto laws). Recognizing that the Ex Post Facto Clause is a limitation upon the

power of the legislature, not the judiciary, Carpenter relies on the Supreme Court's decision in Rogers v. Tennessee, 532 U.S. 451 (2001), in which the Court observed that "limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." Id. at 456.

In Davenport, we rejected the argument that retroactive application of Booker's remedial opinion violates the Ex Post Facto Clause. Davenport, 445 F.3d at 369-70. We noted that at the time Davenport committed the crime he was on notice of the maximum statutory penalty, and because the sentence imposed was less than that statutory maximum, there was no violation of the Ex Post Facto Clause. Id.

As we noted in Davenport, federal courts have universally rejected ex post facto challenges to the retroactive application of Booker, id., including ex post facto challenges based on the Due Process Clause. See United States v. Barton, 455 F.3d 649, 654 (6th Cir. 2006); United States v. Pennavaria, 445 F.3d 720, 723-24 (3d Cir. 2006); United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005); United States v. Jaminson, 416 F.3d 538, 539 (7th Cir. 2005). We, too, conclude that the district court's application of Booker's remedial opinion did not violate due process through ex post facto judicial decisionmaking.

8

C.

Finally, Carpenter contends that the district court imposed an unreasonable sentence. In considering whether the district court imposed a reasonable sentence, "we will review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

After determining that the 4-level enhancement did not apply, the district court considered the advisory guideline range and considered the relevant statutory sentencing factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). The district court then concluded that the guideline range failed to account for the seriousness of the offense of firing a firearm several times in a residential neighborhood or the history and characteristics of Carpenter who, as the district court noted, had a number of prior arrests for violent behavior and problems with alcohol and anger management. See Davenport, 445 F.3d at 371-72 (noting that the district court identified the relevant § 3553(a) factors). We conclude that "[a]ll of these considerations support the decision of the district court to impose a sentence above the advisory guideline range." Id. at 372 (upholding a variance sentence based on § 3553(a) factors not accounted for by the advisory sentencing guidelines).

We also conclude that the length of the sentence was reasonable. The advisory guideline range was a term of imprisonment for 15-21 months. The district court sentenced Carpenter to 30 months. The district court reasonably concluded that a variance sentence of an additional 9 months' imprisonment -- less than one and a half times the top of the advisory guideline range -- was necessary to account for the fact that Carpenter not only possessed a gun but fired it in a residential neighborhood. See United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006) ("The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be.").

III.

In sum, the district court plainly erred by failing to provide Carpenter notice of its intent to impose a variance sentence. Nevertheless, in our discretion we will not recognize the error because Carpenter has not provided any argument that he would have made against the variance sentence. We reject Carpenter's argument that the district court's application of Booker's advisory sentencing regime violates due process through ex post facto judicial decisionmaking or that the district court imposed an unreasonable sentence. We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal

conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED