United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20478
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADEBAYO MOHAMMED,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-421-ALL
--------------------

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appealing the Judgment in a Criminal Case, Adebayo Mohammed
raises arguments that are foreclosed by <u>Almendarez-Torres v.
United States</u>, 523 U.S. 224, 235 (1998), which held that 8 U.S.C.
§ 1326(b)(2) is a penalty provision and not a separate criminal
offense, by <u>United States v. Stone</u>, 306 F.3d 241, 243 (5th Cir.
2002), which held that no Sixth Amendment violation arises when a
district court considers the nature of a prior conviction rather
than presenting the question to a jury in sentencing the
defendant under the Armed Career Criminal Act, and by <u>United</u>

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005), which held that the application of the remedial opinion of United States v. Booker, 543 U.S. 220 (2005), to a sentencing hearing where the underlying offense was committed pre-Booker did not violate constitutional due process or ex post facto requirements. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.