United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-40331
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARSHALL WAYNE CRAWFORD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CR-4-1
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marshall Wayne Crawford pleaded guilty to one charge of possession of five grams or more of cocaine base with the intent to distribute and was sentenced to serve 150 months in prison. Crawford appeals his sentence.

Crawford first argues that his Due Process and Ex Post Facto rights were violated by the application of an advisory guidelines scheme to his case pursuant to United States v. Booker, 543 U.S. 220 (2005). As he concedes, this argument, which is reviewed for plain error only, is foreclosed. See United States v. Austin,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

432 F.3d 598, 599-600 (5th Cir. 2005); <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005).

Crawford also contends that his Fifth and Sixth Amendment rights were violated by the use of his prior convictions to calculate his sentence. Like Crawford's first argument, this claim is reviewed for plain error only and, as he concedes, it is foreclosed. <u>See</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 489-90 (2000); <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). The judgment of the district court is AFFIRMED.