United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-20366
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

BYRON WALTON,

Defendant-

Appellant.

---------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-577-14
---------------------------------------------------------------

Before DeMOSS, STEWART and PRADO

PER CURIAM:[*]

Byron Walton appeals his 63-month sentence imposed following his plea of guilty to aiding

and abetting the possession with intent to distribute 3, 4-Methylenedioxymethamphetamine (MDMA).

Walton argues that, although he is entitled to the retroactive application of the Sixth Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

holding in *United States v. Booker*, 543 U.S. 220 (2005), the remedial portion of Booker's holding, which made the Sentencing Guidelines advisory, may not be applied in his case without violating the Due Process and Ex Post Facto Clauses of the Constitution. As Walton concedes, his argument is foreclosed by circuit precedent. *See United States v. Austin*, 432 F.3d 598, 599-600 (5th Cir. 2005); *United States v. Scroggins*, 411 F.3d 572, 575-76 (5th Cir. 2005).

Walton additionally argues that his sentence is unreasonable because the district court misapplied the Guidelines by increasing his sentence based on information concerning the relevant drug quantity, although such information was not proved beyond a reasonable doubt. After *Booker*, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). Walton's sentence fell at the lowest end of his properly calculated advisory guidelines range and is presumptively reasonable. *See United State v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Giving "great deference" to such a sentence, we conclude that Walton's sentence was not unreasonable. *See id.*

AFFIRMED.