United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40498
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE DAVID LEFFEBRE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CR-9
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Andre David Leffebre was convicted for possession of a firearm by a convicted felon and sentenced to 293 months of imprisonment to run consecutively to his pending state charges and any other sentence previously assessed by any other court, and five years of supervised release. Leffebre argues that the district court abused its discretion by allowing the admission at trial of his prior federal conviction for possession of a firearm by a convicted felon. The evidence of Leffebre's prior conviction for possession of a firearm by a convicted felon was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admissible under FED. R. EVID. 404(b) for the purpose of establishing his intent to commit the charged offense. See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). A review of the circumstances surrounding Leffebre's prior and current convictions indicates that the probative value of the evidence substantially outweighed its prejudicial effect. See United States v. Chavez, 119 F.3d 342, 346-47 (5th Cir. 1997). Moreover, any prejudice was minimized by the limiting jury instruction given by the district court. See United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000). The district court did not abuse its discretion in admitting Leffebre's prior conviction for possession of a firearm by a convicted felon at trial. See Beechum, 582 F.2d at 911.

For the first time on appeal, Leffebre argues that, because his offense was committed prior to the release of United States v. Booker, 543 U.S. 220 (2005), the remedial portion of Booker's holding, which made the Guidelines advisory, may not be applied in his case without violating the Due Process and Ex Post Facto Clauses of the Constitution. Leffebre correctly concedes that this issue is foreclosed by this court's ruling in United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005).

Leffebre's conviction and sentence are affirmed.

AFFIRMED.