United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40476
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH RAY TEAGLE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CR-5-ALL
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Keith Ray Teagle appeals the 120-month sentence he received after pleading guilty to possessing a firearm in interstate commerce after having been convicted of a felony. Teagle argues, for the first time on appeal, that the district court erred by failing to adequately articulate its reasons for imposing a non-Guidelines sentence. He also contends that his sentence was unreasonable under 18 U.S.C. § 3553(a). Teagle fails to demonstrate any error, plain or otherwise, with regard to the reasonableness of the non-Guidelines sentence imposed by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court.  See United States v. Jones, 444 F.3d 430, 434-36 (5th Cir. 2006); United States v. Smith, 440 F.3d 704, 707-10 (5th Cir. 2006).

Teagle argues, for the first time on appeal, that the district court lacked subject matter jurisdiction under § 922(g)(1) because there was no evidence that his possession of the firearms was in or affected interstate commerce.  He concedes that his argument is foreclosed by this court's decision in United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied 122 S.Ct. 1113 (2002), but raises it for possible review by the United States Supreme Court.

Also, for the first time on appeal, Teagle argues that the district court erred by applying the Sentencing Guidelines as advisory.  He concedes that his argument is foreclosed by United States v. Austin, 432 F.3d 598 (5th Cir. 2005), but raises it to preserve it for possible review with the United States Supreme Court.

AFFIRMED.