United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40811
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA PARKER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-104-6
--------------------

Before  DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joshua Parker appeals the 151-month sentence imposed by the
district court following his guilty-plea conviction for
conspiracy to distribute methamphetamine.

Parker argues that the district court's determination of the
amount of methamphetamine attributable to him was clearly
erroneous because it was not based on information having a
sufficient indicia of reliability.

The district court's calculation of the quantity of drugs
involved in an offense is a factual determination that is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to considerable deference and will be reversed only if clearly erroneous. United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. Id. In making the finding of the quantity of drugs attributable to a defendant, the district court may consider any information that has sufficient indicia of reliability to support its probable accuracy. Id. at 247; U.S.S.G. § 6A1.3(a). Furthermore, as a general rule, information in the presentence report is "presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002).

The district court did not clearly err in finding that Parker was individually accountable for at least 500 grams of methamphetamine. After applying a conservative estimate to Parker's post-arrest admissions, the district court found that Parker had acknowledged responsibility for 483 grams. The district court was not clearly erroneous in concluding that the other reports about Parker provided by the PSR and Officer Frank Saldivar's testimony justified attributing at least 17 more grams to him. Betancourt, 422 F.3d at 246. Parker did not adduce any evidence to show that the district court clearly erred in determining drug quantity for sentencing purposes or to undermine

the material truth of the information in the PSR.  United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998); United States v. De Jesus-Batres, 410 F.3d 154, 164 (5th Cir. 2005).

Parker also argues that the district court erred in failing to apply the standard of proof beyond a reasonable doubt to the sentencing evidence.  As Parker was sentenced under an advisory guidelines scheme following the issuance of United States v. Booker, 543 U.S. 220 (2005), he has not shown plain error.  See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 432 (2005) United States v. Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006); United States v. Scheer, 168 F. App'x 628, 629 (5th Cir. 2006).

AFFIRMED.