United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41715
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALFREDO BARAJAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1817
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Barajas appeals his 18-month sentence for
transporting undocumented aliens for private financial gain by
means of a motor vehicle, in violation of 8 U.S.C. § 1324 and
18 U.S.C. § 2.  He argues that his sentence was unreasonable
because this court's jurisprudence following United States v.
Booker, 543 U.S. 220 (2005), has effectively rendered the
Sentencing Guidelines mandatory.  As Barajas concedes, this
argument is foreclosed.

Barajas also asserts that his sentence is unreasonable

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the district court placed undue weight on the circumstances of his offense and not his family circumstances. The district court sentenced Barajas within a properly calculated advisory guideline range. Such a sentence is given "great deference," and we infer that the sentencing court considered all the factors for a fair sentence under 18 U.S.C. § 3553. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.). Barajas has failed to show that his sentence was unreasonable.

Finally, Barajas argues that, although he is entitled to the retroactive application of the Sixth Amendment holding in Booker, the remedial portion of Booker's holding, which made the Sentencing Guidelines advisory, may not be applied in his case without violating the Due Process and Ex Post Facto Clauses of the Constitution. As Barajas concedes, his argument is foreclosed by circuit precedent. See United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005); United States v. Scroggins, 411 F.3d 572, 576-76 (5th Cir. 2005).

AFFIRMED.