**UNITED STATES of America,**
**Appellee,**

v.

**Roylin FAIRCLOUGH Defendant–**
**Appellant.**

**Docket No. 05–2799–CR.**

United States Court of Appeals,
Second Circuit.

Argued: Dec. 22, 2005.

Decided: Feb. 17, 2006.

---

Theodore S. Green, Green & Willstatter, White Plains, New York, for Defendant–Appellant.

John P. Collins, Jr., Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; John M. Hillebrecht, Assistant United States Attorney, of counsel), New York, New York, for Appellee.

Before: JACOBS, LEVAL, and STRAUB, Circuit Judges.

PER CURIAM.

Roylin Fairclough ("Fairclough") appeals from a judgment of conviction entered May 25, 2005, in the United States District Court for the Southern District of New York (Stephen C. Robinson, *Judge*). Pursuant to a plea agreement with the government, Fairclough pleaded guilty to a superseding indictment charging him with possessing a firearm after having been convicted of a felony on December 4, 2003, in violation of 18 U.S.C. § 922(g)(1). The plea agreement and Pre–Sentence Report stated Fairclough's offense level under the United States Sentencing Guidelines ("Guidelines") to be 12 and his Criminal History Category to be IV, corresponding to a range of 21 to 27 months' imprisonment. On May 24, 2005, the District Court, applying *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its directive that the Guidelines be treated as advisory, sentenced Fairclough principally to a term of imprisonment of 48 months. On appeal Fairclough argues that the District Court violated the Sixth Amendment and *ex post facto* principles when it sentenced him for pre-*Booker* conduct to a term above the maximum of the applicable Guidelines range established by his admissions. He also argues that his sentence is unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

In *Booker*, the Supreme Court held that a district court's mandatory application of

the Guidelines to enhance a sentence beyond the otherwise applicable Guidelines range based on facts neither found by a jury nor admitted by a defendant violated the Sixth Amendment of the United States Constitution. *Id.* at 244, 125 S.Ct. 738. To remedy this violation, the Court excised § 3553(b)(1) of Title 18 of the United States Code, which provided for mandatory application of the Guidelines in certain cases, and § 3742(e), which set forth the standard of review for courts of appeals. *Id.* at 245, 125 S.Ct. 738. The Court stated that district courts were still required to "consider" the applicable Guidelines sentencing range, along with the other sentencing factors set forth in 18 U.S.C. § 3553(a), *id.* at 259–60, 125 S.Ct. 738, and that the proper standard of appellate review of sentences was "reasonableness," *id.* at 261–62, 125 S.Ct. 738. *See also United States v. Crosby*, 397 F.3d 103 (2d Cir.2005) (discussing *Booker* ).

We recently held in *United States v. Vaughn*, 430 F.3d 518 (2d Cir.2005), that application of *Booker* to·cases on direct review does not violate the *ex post facto* principle of the Due Process Clause. There, appellants claimed that the application of the "remedial" holding of *Booker*, i.e., its directive that the Guidelines be treated as advisory, violates *ex post facto* principles because before *Booker*, defendants were only exposed to sentences within the Guidelines range, and after the *Booker* remedy, they are exposed to sentences within an applicable *statutory* range. Thus, they argued, *Booker* exposed them to greater sentences than they would have faced before *Booker*.

In holding that the appellants' claim failed, we noted that the Supreme Court's holding in *Rogers v. Tennessee*, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), that due process encompasses limitations on *ex post facto* judicial decision-making, was grounded in " 'core concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct.' " *Vaughn*, 430 F.3d at 524 (quoting *Rogers*, 532 U.S. at 459, 121 S.Ct. 1693). We then examined whether an *ex post facto* violation occurred when a reviewing court retroactively applied the holding in *Booker* that the Guidelines are advisory. We concluded that no violation occurred because:

> [j]ust as appellants had fair warning that their conduct was criminal, they also had fair warning of the potential penalties they faced for conspiring to distribute marijuana. The relevant maximum applicable to the drug quantity found by the jury at the time the appellants committed their offense was the statutory maximum of twenty years' imprisonment. Appellants also had fair notice at that time that their sentences could be based on a judicial determination of the quantity of marijuana involved in their offense as long as the sentences were below the relevant statutory maximum. The sentences imposed by the district court were below the statutory maximum and within the range prescribed by the Guidelines for the quantity of drugs the court determined to have been involved in the appellants' crime. Even under pre-*Booker* law, defendants faced the possibility of sentences anywhere within the applicable statutory range.

*Id.* (internal citation omitted). We therefore found nothing improper in the application of *Booker* to cases pending on direct review and joined the First, Fifth, Seventh, Ninth, and Eleventh Circuits in so holding. *See id.* (collecting cases).

■ The instant appeal raises the same issue in a slightly different context. That is, Fairclough claims that the *District*

*Court* (as opposed to the Court of Appeals on direct review) violated *ex post facto* principles when it retroactively applied the remedial holding of *Booker* at his sentencing. We hereby reject this claim for the same reasons stated in *Vaughn.* In short, there was no *ex post facto* problem with the District Court's application of the remedial holding of *Booker* at sentencing because Fairclough had fair warning that his conduct was criminal, that enhancements or upward departures could be applied to his sentence under the Guidelines based on judicial fact-findings, and that he could be sentenced as high as the statutory maximum of ten (10) years. *See Vaughn,* 430 F.3d at 524. We see no need to adopt a different rule in this context. *See United States v. Austin,* 432 F.3d 598, 2005 WL 3317773 (5th Cir.2005) (holding that district court did not violate *Ex Post Facto* Clause in applying remedial holding of *Booker* at sentencing); *United States v. Cross,* 430 F.3d 406 (7th Cir.2005) (same); *United States v. Lata,* 415 F.3d 107, 110– 13 (1st Cir.2005) (holding that district court did not violate *Ex Post Facto* Clause in sentencing defendant above Guidelines maximum where district court assumed Guidelines to be advisory pre-*Booker* ).

Because Fairclough's *ex post facto* argument fails, his Sixth Amendment argument, which depends upon the Guidelines maximum being treated as the relevant maximum based on *ex post facto* concerns, also fails. The district court's fact-findings did not expose Fairclough to a sentence beyond the statutory maximum set forth in 18 U.S.C. § 924(e)(2) (ten years) and therefore there was no Sixth Amendment violation.

▮ Fairclough also challenges the reasonableness of his sentence. As the Supreme Court observed in *Booker,* courts of appeals are familiar with assessing the "reasonableness" of sentences. In the past, courts of appeals reviewed departures for reasonableness and reviewed sentences imposed after violations of supervised release for "plain" unreasonableness. *See United States v. Booker,* 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (citing 18 U.S.C. § 3742(e)(3) and (e)(4)). In analyzing reasonableness, courts of appeals considered the factors set forth in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the kinds of sentences available," 18 U.S.C. § 3553(a)(3), the applicable Guidelines range, 18 U.S.C. § 3553(a)(4), the applicable policy statements, 18 U.S.C. § 3553(a)(5), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), and the directive that a sentence should be "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2) ]," 18 U.S.C. § 3553(a), which deals with the purposes of punishment, such as deterrence, protection of the community, promotion of respect for the law, and rehabilitation of the offender.

As we stated in *Crosby,* " 'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries." 397 F.3d at 115. A reviewing court

should exhibit restraint, not micromanagement [in assessing reasonableness]. In addition to their familiarity with the record, including the presentence report, district judges have discussed sentencing with a probation officer and gained an impression of a defendant from the entirety of the proceedings, including the defendant's opportunity for sentenc-

ing allocution. The appellate court proceeds only with the record. Although the brevity or length of a sentence can exceed the bounds of "reasonableness," we anticipate encountering such circumstances infrequently.

*United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). We have stated further that *"per se* rules would be inconsistent with the flexible approach courts have taken in implementing the standard of reasonableness in the sentencing contexts to which this standard applied prior to *Booker/Fanfan* " and we therefore "decline[d] to fashion any *per se* rules as to the reasonableness of every sentence within an applicable guideline or the unreasonableness of every sentence outside an applicable guideline." *Crosby*, 397 F.3d at 115. In *United States v. Brady*, 417 F.3d 326 (2d Cir.2005), we stated that "it is not the case—and could not be in light of *Booker*—that every sentence outside an applicable guideline is *per se* unreasonable." *Id.* at 333 (internal citations and quotation marks omitted). We have also stated that our inquiry will "focus primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005).

Here, the District Court imposed a non-Guidelines sentence of forty-eight (48) months that was twenty-one (21) months higher than the maximum advised by the Guidelines. The basis for the increase in sentence was that Fairclough "had a relatively uninterrupted string of criminal activity and arrests," including arrests that resulted in dispositions in January 1998, March 1998, April 1998, January 1999, April 1999, January 2002, and September 2002. The District Court characterized Fairclough as having had "interaction after interaction after interaction with the criminal justice system, and his response to it is to turn around and literally the moment

he's back on the street do something else." The District Court found that Fairclough "has no respect for the law." The District Court also believed that Fairclough should not be treated "as if he's a person who had a handgun for his protection for some reason that the law wouldn't allow," inasmuch as he sold the gun "to somebody who he underst[ood] or believe[d][was] up to no good.... He was selling the gun on the street to somebody that he suspected was about to do bad with it." The District Court felt that the Guidelines range was inadequate to address the "nature and circumstances" of the offense, and that a 48–month sentence was appropriate in light of "the nature and circumstances of the offense, the history and characteristics of the defendant, ... the seriousness of this crime, ... [the need for] just punishment for the offense, ... [and the need for] adequate deterrence to others and to protect the public."

The District Court did not clearly err in finding the facts on which the sentence was based. *See United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir.2005) (stating that we review a district court's factual findings for clear error). Fairclough had a lengthy criminal record and continuing involvement with drugs and violent crime. Fairclough's repeated convictions and lenient treatment by state courts support the District Court's finding that he was prone to recidivism. The District Court's finding of aggravating circumstances is also supported by the record. That is, Fairclough not only possessed the gun as an aggravated felon, which fact in and of itself established the crime, but also sold it to an undercover agent who Fairclough believed was involved in criminal activity. The District Court's sentence reflects adequate consideration of the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense,

Fairclough's personal history and characteristics, the applicable Guidelines range and policy statements, the need to avoid unwarranted sentence disparity, and the purposes set forth at 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment and adequate deterrence, to protect the public from additional crimes by Fairclough, and to provide Fairclough with needed correctional treatment. Finally, we note that even if the sentence at issue had been imposed under the Guidelines, a horizontal upward departure from the Guidelines range might have been warranted on the basis that the range underrepresented Fairclough's past criminal conduct and likelihood of recidivism, *see* U.S.S.G. § 4A1.3, and a vertical upward departure might have been warranted on the basis of the aggravating circumstances, *see* U.S. Sentencing Guidelines Manual § 5K2.0, policy statement (authorizing a district court to depart from the range prescribed under the Guidelines if "there exists an aggravating or mitigating circumstance … of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines"). In light of all of the relevant considerations, including the § 3553(a) factors, the reasoning given by the District Court, and the deference we need afford the District Court's sentencing judgment, we find the sentence reasonable.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.