SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.
Appellant Veronica Harrison appeals from a decision, after a bench trial, of the Southern District of New York (Pauley, J.) finding Harrison guilty of aiding and abetting identity fraud in violation of 18 U.S.C. § 1028(a)(7). Harrison also appeals a twenty-seven-month prison sentence she received for this conviction. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal. We affirm the decision of the district court in all respects.
According to 18 U.S.C. § 1028(a)(7), a person is guilty of aiding and abetting identity fraud when she knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to aid or abet any unlawful activity that constitutes a violation of Federal law. Id.
A challenge based on the sufficiency of the evidence is seldom successful. United States v. Zambrano, 776 F.2d 1091, 1094 (2d Cir.1985). This is because we must affirm the conviction if any rational trier of fact could have found the essential elements of the crime satisfied beyond a reasonable doubt. United States v. Pierce, 224 F.3d 158, 164 (2d Cir.2000). This standard applies irrespective of whether it was a jury or bench trial. Id.
After a bench trial, we set aside a district court’s findings of fact only if they are clearly erroneous, but we review conclusions of law and the application of facts to the law de novo. United States v. Coppola, 85 F.3d 1015, 1019 (2d Cir.1996). During this review, the evidence is analyzed in the light most favorable to the government, and issues of credibility are also resolved in the government’s favor. United States v. Howard, 214 F.3d 361, 363 (2d Cir.2000).
A case with very similar facts to the instant case reveals that Harrison’s claim must fail. In Zambrano, this Court found that defendant possessed the requisite intent for aiding and abetting. 776 F.2d at 1097-98. In that case, defendant supplied individuals with unembossed credit cards that they later used to commit fraud. Id. at 1093-94. At the time, it was not a crime to print or distribute unembossed credit cards, so defendant argued that a conviction based on his participation in the credit-card conspiracy could not stand. Id. at 1094. Defendant also argued that the government could not prove that he possessed the requisite intent to aid and abet the conspiracy because all he did was legally supply items to individuals who later used them unlawfully. Id. at 1097-98. *388 This Court disagreed, inferring intent from defendant’s actions. Id. at 1097.
Zambrano is nearly identical to the instant case, including that the defendant raised arguments similar to those raised by Harrison. We similarly reject Harrison’s argument that the evidence based on the stipulation of facts is insufficient to sustain her conviction. Giving every inference in the government’s favor, as we must, it is not irrational to find that Harrison aided and abetted the fraud. She participated in this venture for three years, supplying nearly half of the identities used. She also had a financial stake in the venture’s success. We therefore affirm the conviction.
Harrison also challenges her sentence, arguing that her sentence is unreasonable because of the extent to which the court departed from the Guidelines range. Although the Guidelines are no longer mandatory, a court must consider the applicable Guidelines range and relevant policies before sentencing. United States v. Brady, 417 F.3d 326, 332 (2d Cir.2005). It must calculate the Guidelines range and consider relevant departures. Id. We review the overall sentence to determine whether it is reasonable, including any departures from the Guidelines range. United States v. Canova, 412 F.3d 331, 350 (2d Cir.2005).
Our review of such departure is deferential. See United States v. Fairclough, 439 F.3d 76, 79-80 (2d Cir.2006) (per curiam). Our primary focus is whether the court considered the factors detailed in 18 U.S.C. § 3553(a). Id. at 80-81. In Fairclough, we affirmed a district court’s non-Guidelines sentence despite a twenty-one-month upward departure because we determined that the court properly considered the sentencing factors, and it adequately explained its rationale for imposing a non-Guidelines sentence. See id. at 79-81.
We similarly affirm the district court in the instant case. The district court considered all of the sentencing factors and adequately explained its reasoning for imposing a non-Guidelines sentence with an upward departure. Additionally, the sentence is reasonable in light of the circumstances of this case. Also, for the reasons stated in Fairclough, we reject Harrison’s argument that the application of Booker at sentencing for criminal conduct that predated Booker violates ex post facto principles. See id. at 79.
We have considered the remainder of Harrison’s arguments and find them to be without merit.
Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.