

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2006

# USA v. Tyson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Tyson" (2006). *2006 Decisions.* Paper 1256.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1256

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-1783

———

UNITED STATES OF AMERICA

v.

AARON TYSON,
also known as "Q"

Aaron Tyson,
                    Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 02-cr-00221-3)
District Judge:  Hon. Edwin M. Kosik

———

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2006

Before:  SLOVITER, AMBRO and MICHEL[*], Circuit Judges

(Filed   April 18, 2006  )

———

OPINION

---

[*] Hon. Paul R. Michel, Chief Judge of the United States
Court of Appeals for the Federal Circuit, sitting by designation.

SLOVITER, Circuit Judge.

Appellant, Aaron Tyson ("Tyson"), who was convicted of drug offenses, appeals from the Judgment and Commitment Order sentencing him to a 200-month term of imprisonment, a $2,500 fine, a $100 special assessment, and a ten-year term of supervised release. Tyson claims that the District Court relied on an improperly prepared presentence investigation report ("PSR") and that the severity of his sentence violates his due process rights and the Ex Post Facto clause of the Constitution.

Tyson was indicted on three counts relating to the distribution of narcotics, including conspiracy to distribute in excess of 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846 ("Count I"). Pursuant to a plea agreement, Tyson entered a plea of "guilty" to Count I of the superseding indictment, and the Government dismissed all remaining counts. The plea agreement provided, inter alia, that Tyson faced a mandatory minimum sentence of twenty years imprisonment and a maximum sentence of life in prison.

Prior to the sentencing hearing, the United States Probation Office filed a PSR which calculated Tyson's sentence based on possession with the intent to distribute between 150 and 500 grams of crack cocaine and possession of a firearm in connection with his drug activities. After upwardly adjusting Tyson's offense level for possession of a dangerous weapon and for his supervisory role in the conspiracy, and downwardly

2

adjusting the offense level for his willingness to accept responsibility and his timely notification of his intent to plead guilty, the PSR calculated Tyson's total offense level at 36. Based on a criminal history category of V, the PSR found the United States Sentencing Guidelines ("Guidelines") imprisonment range to be between 292-365 months and the Guidelines range for fines to be between $20,000 and $8,000,000.

In response to the PSR, Tyson filed a sentencing memorandum with the District Court and another with the U.S. Probation Office. Tyson argued that the PSR calculations regarding his sentence were erroneous because pursuant to the plea agreement he should have received a three-level reduction for acceptance of responsibility, a departure below the mandatory minimum sentence of 20 years, and a three-level cooperation departure. He contended that these downward adjustments should be subtracted from a Guidelines base level of no greater than 30, based on possession with intent to distribute 50 to 150 grams of crack cocaine. He rejected the PSR calculation based on possession with intent to distribute 150 to 500 grams of crack cocaine because he had never admitted to that quantity of drugs, nor had the quantity been proven beyond a reasonable doubt. He also contended that his criminal history category was III and that any higher category would over-represent the seriousness of his prior criminal record. Based upon these arguments, Tyson claimed that the maximum sentence allowed by law was 63 months imprisonment unless the Government was able to prove additional facts regarding drug quantity and possession of a firearm in furtherance of a

3

drug crime beyond a reasonable doubt.

The District Court, citing the U.S. Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), acknowledged the advisory nature of the Guidelines and articulated its consideration of the sentencing factors listed in § 3553(a). After considering the factors and the parties' respective arguments, the District Court sentenced Tyson to 200 months imprisonment followed by ten years of supervised release and required Tyson to pay a fine of $2,500 and a special assessment of $100. Tyson appeals from that sentence.

This court has jurisdiction under 18 U.S.C. § 3742(a)(1) to review sentences for reasonableness. United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006). To determine if the court acted reasonably in imposing Tyson's sentence, we must first be satisfied that the court exercised its discretion by considering the relevant factors, set forth in 18 U.S.C. § 3553(a). Id. at 329. Although the record must show that the District Court meaningfully considered the factors, the District Court is not required to make findings as to each of the factors. Id. In addition, "the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence." Id. at 330.

Tyson presents five arguments on appeal. First, Tyson argues that the U.S. Probation Office improperly prepared the PSR because the PSR failed to provide detailed facts with regard to the amount of drugs involved in the offense or with regard to the use

4

of a firearm in connection to the offense, and did not provide a specific finding that the Guidelines provide a sentence no greater than necessary. Tyson argues that because of these deficiencies, the PSR failed to provide the court with enough information for it to make a detailed "parsimony determination."[1]

Tyson's claim that the preparation of the PSR frustrated the court's ability to make a "parsimony determination," and, therefore, violated his due process rights, is without merit. Because the PSR met the Rule 32 requirements, the District Court had a sufficient basis to exercise its sentencing discretion under § 3553(a). The District Court expressly considered the sentencing factors identified in § 3553(a); therefore, the sentence imposed did not violate Tyson's due process rights.

Second, Tyson argues that the District Court, employing the Guidelines as an advisory tool following <u>Booker</u>, imposed a sentence greater than that which was allowed at the time of the commission of the crime in violation of his due process rights and the Ex Post Facto clause of the Constitution.

Tyson's due process and Ex Post Facto arguments are without merit. At the time of the commission of his crime and upon the entering of the his guilty plea, Tyson was

---

[1] Tyson's attorney defines a "parsimony determination" as "an express finding by a sentencing court regarding whether or not a proposed sentence is no greater than necessary to achieve the goals of just sentencing." Def. Br. 8 (quotation marks and citation omitted). He argues that the goals of § 3553(a) and the principles of due process require such a determination. <u>Id.</u> at 8-9.

5

facing a maximum of life in prison. Tyson was notified, both at his change of plea hearing and in his written plea agreement, that he faced a maximum sentence of life imprisonment. Therefore, Tyson had warning that he could be subject to a sentence beyond 63 months. Moreover, every court that has addressed a due process challenge to Booker based on the Ex Post Facto clause has rejected such a challenge. See United States v. Fairclough, 439 F.3d 76, 79 (2d Cir. 2006); United States v. Jamison, 416 F.3d 538, 539 (7th Cir. 2005); United States v. Dupas, 417 F.3d 1064 (9th Cir. 2005); United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005); United States v. Gray, 362 F.Supp. 2d 714 (S.D. W.Va. 2005).

Third, Tyson argues that the District Court erred in failing to make an express "parsimony determination," which Tyson believes is required by § 3553(a) and the general principles of due process. This argument fails because the District Court, in imposing its sentence, specifically identified and considered the factors listed in § 3553(a) and therefore met the requirements of Cooper.

Fourth, Tyson argues that the sentencing record before the District Court contained evidence that could only support a sentence of no more than 63 months. We conclude that the record before the District Court contained sufficient evidence to justify the sentence imposed (e.g., an FBI agent's testimony that Tyson committed the offense while on probation, had a prior felony conviction, and a prior conviction for the sale of crack).

Finally, Tyson argues that the District Court erred in basing its sentence on facts

6

not proven beyond a reasonable doubt. This court has stated that, post-<u>Booker</u>, "the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence." <u>Cooper</u>, 437 F.3d at 330. Thus, the District Court properly calculated the sentencing guidelines relying on facts proven beyond a preponderance of the evidence.

For the foregoing reasons, the District Court's judgment of conviction and sentence will be affirmed.