SUMMARY ORDER
Defendant Edwin Caballero-Espinal pleaded guilty to one count of illegally reentering the United States after having been deported following his conviction of a violent felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). In a hearing on February 11, 2005, the United States District Court for the Eastern District of New York (Spatt, J.) sentenced defendant to a term of 46 months’ imprisonment followed by three years of supervised release and a special assessment of $100. On appeal, Caballero-Espinal challenges the reasonableness of his sentence, arguing that the district court failed adequately to consider all of the required factors as set forth in 18 U.S.C. § 3553(a), and he contends that the court imposed the supervised release term in the erroneous belief that the imposition of such a term was mandatory. We assume the parties’ familiarity with the facts, procedural history, and scope of issues to be reviewed.
We “review sentencing decisions for unreasonableness.” United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). “ ‘[Reasonableness’ is inherently a concept of flexible meaning, generally lacking precise boundaries .... ” United States v. Crosby, 397 F.3d 103, 115 (2d Cir.2005); see id. at 114-15 (“A sentence explicitly based upon a non-existent statutory provision, even if ‘reasonable’ in length, constitutes error ... because of the unlawful method by which it was selected.”). “Although the brevity or length of a sentence can exceed the bounds of ‘reasonableness,’ we anticipate encountering such circumstances infrequently.” United States v. Fleming, 397 F.3d 95, 100 (2d Cir.2005). “In apply *146 ing this more deferential standard of review, we focus primarily on the sentencing court’s compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a).” United States v. Canova, 412 F.3d 331, 350 (2d Cir.2005); see also Booker, 543 U.S. at 261, 125 S.Ct. 738 (stating that the § 3553(a) factors “will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable”). Although we have not “rule[d] definitively on the meaning of ‘consider,’ [we] have refrained from imposing any rigorous requirement of specific articulation by the sentencing judge.” Crosby, 397 F.3d at 113.
The Government has invited us to adopt a rule that sentences within the Guidelines are presumptively reasonable. See, e.g., United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir.2005). We decline the invitation, however, because it is clear that even without such a presumption the sentence in this case was reasonable.
The crux of Caballero-Espinal’s argument is that the district court’s sentence was unreasonable because it failed to appreciate the relevance of the “history and characteristics of the defendant.” 18 U.S.C. § 3553(a)(1). In particular, Caballero-Espinal argues that his violent upbringing and resulting post-traumatic stress disorder mitigate the crimes he committed as a teenager, and his sentence should thus not be as lengthy as those crimes would otherwise warrant. He further argues that the district court viewed these factors as mere excuses, as opposed to mitigating circumstances explaining his past behavior, and in so doing misperceived their relevance. See Fleming, 397 F.3d at 100.
In imposing Caballero-Espinal’s sentence, however, the district court discussed his “extensive” criminal history, acknowledging that much of it took place while he was a teenager, as well as his violent upbringing and post-traumatic stress disorder. The court further acknowledged that the Guidelines are not mandatory, and sentenced Caballero-Espinal to the lower end of the recommended Guidelines range. Because we impose “no specific verbal formulations” on the district court to demonstrate that it has adequately considered all of the factors relevant to sentencing, id., we find that the court properly considered all of the relevant factors and adequately articulated its reasoning. See United States v. Fairclough, 439 F.3d 76, 78 (2d Cir.2006). We conclude that the imposition of a term of 46 months’ imprisonment was reasonable, and we therefore affirm that part of the sentence.
Caballero-Espinal also argues that the district court erroneously imposed a post-incarceration term of supervised release believing it to be mandatory. Although the Government argues that any confusion in the record is likely the result of a transcription error and we should thus remand for clarification, even under its view of what was actually said, the district court still stated that it “impose[d] three years because” it believed it “ha[d] to impose supervised release regardless.” The imposition of supervised release is not mandatory, and the district court therefore erred. Accordingly, we vacate that portion of the sentence providing for three years of supervised release and remand for further consideration by the district court as to whether to impose supervised release and if so for what term.
For the foregoing reasons, the judgment of the district court is AFFIRMED in part, and VACATED and REMANDED in part.