**UNITED STATES of America,**
Appellee,

v.

**Jose Hernando COFLES–DUQUE,**
Defendant–Appellant.

No. 06–0390–cr.

United States Court of Appeals,
Second Circuit.

Dec. 7, 2006.

Terrance P. Flynn, United States Attorney (Paul J. Campana, Assistant United States Attorney; Stephan J. Baczynski, Assistant United States Attorney, of counsel), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

Timothy W. Hoover, Assistant Federal Defender, Federal Defender's Office for the Western District of New York, Buffalo, NY, for Defendant–Appellant.

PRESENT: Hon. THOMAS J. MESKILL, Hon. RALPH K. WINTER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant pleaded guilty, in the absence of a plea agreement, to at-

tempted illegal re-entry of a previously deported alien in violation of 8 U.S.C. § 1326(a). The United States District Court for the Western District of New York (William M. Skretny, *District Judge*) determined the base level offense for this conviction was eight under U.S. Sentencing Guidelines (U.S.S.G.) § 2L1.2(a). The court imposed a sixteen-level enhancement because the defendant had a prior aggravated felony conviction that resulted in a sentence in excess of thirteen months, and then reduced the total level by three points for acceptance of responsibility, resulting in an adjusted total offense level of twenty-one. The court determined the defendant had a criminal history category of III, concluded the Sentencing Guidelines range was 46–57 months, and sentenced the defendant to a term of 46 months' imprisonment.

Cofles–Duque had requested, inter alia, a downward departure of three levels via application of U.S.S.G. § 2X1.1(b) because he was convicted of attempted illegal reentry. The district court declined to apply § 2X1.1, and the defendant now appeals that sentence, primarily asserting he is entitled to the three-level departure under § 2X1.1 because he was convicted of "attempt." U.S.S.G. § 2X1.1. Under U.S.S.G. § 2X1.1, a defendant may receive a three level decrease if the offense was an "attempt … unless the … circumstances demonstrate that the defendant was about to complete all such acts [necessary to complete the substantive offense] but for apprehension or interruption by some similar event beyond the defendant's control." U.S.S.G. § 2X1.1.

We review both Guidelines and non-Guidelines sentences for reasonableness. *United States v. Pereira,* 465 F.3d 515, 519 (2d Cir.2006). Reasonableness review "is akin to review for abuse of discretion," and thus we "consider whether the sentencing judge exceeded the bounds of allowable discretion[,] committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006).

The district court here concluded the defendant "would have entered the United States had [he] not been identified by [the] Customs Officer," and therefore, because the defendant was "about to complete all the acts necessary for successful completion of the substantive offense," he was ineligible for a reduction under U.S.S.G. § 2X1.1 We find the district court imposed a reasonable sentence on Cofles–Duque, properly considered the factors set forth in 18 U.S.C. § 3553(a), and made no clearly erroneous finding of fact in determining the defendant's ineligibility for the departure, or otherwise. *See United States v. Fairclough,* 439 F.3d 76, 80–81 (2d Cir.2006); *United States v. Crosby,* 397 F.3d 103, 115 (2d Cir.2005)

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**