**UNITED STATES of America,**
**Appellee,**

v.

**Jairo VILLEGAS–AMARILES,**
**Defendant–Appellant.**

No. 06–1399.

United States Court of Appeals,
Second Circuit.

June 27, 2007.

Manny Joseph Caixeiro, Quinn Emanuel Urquhart Oliver & Hedges, LLP, New York, NY, for Appellant.

Kevin R. Puvalowski, Assistant United States Attorney for the Southern District of New York, (Michael J. Garcia, United States Attorney for the Southern District of New York, Boyd M. Johnson III, Assistant United States Attorney for the Southern District of New York, of counsel), New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

The defendant-appellant Jairo Villegas–Amariles challenges the decision of the district court (William H. Pauley III, *Judge)* sentencing him principally to 135 months' imprisonment. His Guidelines range was 135 to 168 months' imprisonment. We assume that the parties and counsel are familiar with the facts, the procedural history of this case, and the scope of the issues presented on appeal.

We review sentences for "unreasonableness," *United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which has both substantive and procedural dimensions, *see United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005). Reasonableness is " 'inherently a concept of flexible meaning, generally lacking pre-

cise boundaries.'" *United States v. Fairclough*, 439 F.3d 76, 79 (2d Cir.2006) (quoting *Crosby*, 397 F.3d at 115). Accordingly, "[a]lthough the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). An inquiry into procedural reasonableness examines whether the district court correctly "(a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other [§ 3553(a)] factors." *United States v. Rattoballi*, 452 F.3d 127, 131 (2d Cir.2006). "[W]e still review a district court's interpretation of the Sentencing Guidelines *de novo* and evaluate its findings of fact under the clearly erroneous standard." *Id.* at 132 (citing *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir.2005)).

█ Villegas–Amariles argues that he is entitled to a minor-role adjustment pursuant to U.S.S.G. § 3B1.2(b). Villegas–Amariles "must prove his … reduced culpability by a preponderance of the evidence." *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir.1993). The district court's "assessment of [Villegas–Amariles's] role in [the] criminal activity is highly fact-specific and depends upon 'the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" *Id.* (quoting *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir.1990)).

We conclude that the district court did not act erroneously in light of Villegas–Amariles's responsibility for large quantities of cocaine, direct contact with the conspiracy's leadership, and representation of the conspiracy at meetings to discuss drug transactions.

█ Villegas–Amariles also contends that the district court failed properly to account for the conditions of his pre-extradition confinement. To the extent he asserts that the district court should have granted him a downward departure on this basis, we cannot review its refusal to do so. *See United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005). To the extent he argues that his sentence is unreasonable because he was not accorded a non-Guidelines sentence, we think that the sentence at the bottom of the Guidelines range is reasonable in light of both the seriousness of the offense conduct and the deplorable treatment Villegas–Amariles suffered while awaiting extradition in Combita prison in Colombia.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.