**UNITED STATES of America,**
**Appellee,**

v.

**Amos GOODWIN, aka JB, aka**
**Junebug, Defendant–**
**Appellant.**

**No. 06–0518–cr.**

United States Court of Appeals,
Second Circuit.

July 17, 2007.

James K. Filan, Jr., Assistant United
States Attorney (Alex V. Hernandez and
William J. Nardini, Assistant United
States Attorneys, of counsel), for Kevin J.
O'Connor, United States Attorney for the

District of Connecticut, New Haven, CT, for Appellee.

William F. Dow, III, Jacobs, Grudberg, Belt, Dow & Katz, PC, New Haven, CT, for Defendant–Appellant.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Amos Goodwin appeals the sentence imposed after he pled guilty to count one of an indictment charging him with unlawfully conspiring to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). The United States District Court for the District of Connecticut sentenced Goodwin principally to 188 months' imprisonment, at the bottom of the 188–235 month range set forth in the U.S. Sentencing Guidelines. Goodwin contends that his sentence is "unreasonable in view of [his] history and characteristics, the nature and circumstances of the offense, the need for the sentence imposed, and the need to avoid unwarranted sentence disparities." We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision. In reviewing challenged sentences for unreasonableness, we do not substitute our judgment for that of the sentencing judge; rather, our review is akin to that for an excess of discretion. See United States v. Fernandez, 443 F.3d 19, 26 (2d Cir.2006). Therefore, we consider whether the sentencing judge "exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." United States v. Crosby, 397 F.3d 103, 114

(2d Cir.2005) (internal citations omitted). We have declined to establish a presumption that a Guidelines sentence is reasonable. See United States v. Fairclough, 439 F.3d 76, 80 (2d Cir.2006). However, we also have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." Fernandez, 443 F.3d at 27. This reflects the fact that "by the time an appeals court is considering a within-Guidelines sentence on review, both the sentencing judge and the Sentencing Commission will have reached the same conclusion as to the proper sentence in the particular case." Rita v. United States, 551 U.S. ——, 127 S.Ct. 2456, 2462–63, 168 L.Ed.2d 203 (2007).

We have considered each of Goodwin's arguments in support of his claim that his sentence is unreasonable and find them to be without merit. First, the District Court reasonably concluded that Goodwin's unusually high level of education did not necessarily weigh in favor of leniency, since Goodwin "had greater opportunities than many did and [he] still chose to sell drugs rather than to work legitimately for a living." Second, because Goodwin's lack of a prior criminal record is reflected in the Guidelines range, the District Court did not act unreasonably in declining to use his lack of a prior record as the basis for a non-Guidelines sentence. Third, it was not unreasonable for the District Court to conclude that Goodwin's voluntary surrender of cocaine did not support a non-Guidelines sentence because that act corroborated the government's assertion that Goodwin was a major participant in the drug operation. Finally, Goodwin relies substantially upon United States v. Fisher, 451 F.Supp.2d 553 (S.D.N.Y.2005) to support his assertion that the District Court's 188–month sentence creates an un-

warranted disparity among similarly situated defendants. However, § 3553(a) is concerned with nationwide sentencing disparities, not disparities between any two discrete defendants. *See United States v. Joyner,* 924 F.2d 454, 460 (2d Cir.1991).

We conclude that the District Court carefully considered the § 3553(a) factors, and that the sentence was well within the broad range of reasonable sentences that the District Court could have imposed.

Accordingly, the judgment of the District Court is AFFIRMED.