**UNITED STATES of America,**
**Appellee,**

v.

**Otis PARKES, Defendant,**

v.

**Duane Beaty, Defendant–Appellant.**

No. 06–3014–cr.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2007.

Richard Daddario, Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney, Celeste L. Koeleveld, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Arza Feldman (Steven A. Feldman, on the brief), Feldman and Feldman, Uniondale, NY, for Defendant–Appellant.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Duane Beaty appeals the sentence imposed after he pled guilty to robbery and conspiracy to commit robbery in violation of 18 U.S.C. § 1951; using and possessing a firearm in further-

ance of the robbery and conspiracy to commit robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (2); causing an individual's death through the use of a firearm, in violation of 18 U.S.C. § 924(i)(1) and (2) (current version at 18 U.S.C. § 924(j)(1)–(2)); conspiracy to distribute crack cocaine and marijuana, in violation of 21 U.S.C. § 846; and using and possessing a firearm in connection with drug trafficking activities, in violation of 18 U.S.C. § 924(c)(1)(A). In June 2006, the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*) sentenced Beaty principally to two consecutive terms of life imprisonment. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

◼ Beaty's sole argument on appeal is that his sentence, which is within the range recommended by the U.S. Sentencing Guidelines, is nevertheless substantively unreasonable. In reviewing challenged sentences for unreasonableness, we do not substitute our judgment for that of the sentencing judge. *See United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006), *cert. denied,* — U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006). Rather, we consider whether the sentencing judge "exceeded the bounds of allowable discretion[,] . . . committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005) (internal citations omitted), abrogated on other grounds by *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005). While we have declined to establish a presumption that a Guidelines sentence is reasonable, *see United States v. Fairclough,* 439 F.3d 76, 80 (2d Cir.2006), *cert. de-*

*nied,* — U.S. ——, 126 S.Ct. 2915, 165 L.Ed.2d 937 (2006), we have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *Fernandez,* 443 F.3d at 27. This "reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case." *Rita v. United States,* — U.S. ——, 127 S.Ct. 2456, 2463, ·168 L.Ed.2d 203 (2007).

Beaty argues that his sentence is substantively unreasonable because (1) he was not in the same room at the time his co-conspirator killed the victim; (2) he was "essentially sentenced to life in prison for a burglary"; (3) he received no benefit for testifying at his co-defendant's trial; and (4) since he "theoretically" would have received a sentence of no more than twenty years had the government filed a motion for a downward departure pursuant to Section 5K1.1 of the U.S. Sentencing Guidelines, it was "disproportionate" for the District Court to impose "an extra thirty-year prison term" solely because he lied to the government. None of these arguments has merit.

◼ First, the District Court acted well within its discretion in deciding that the fact that Beaty was not the one who pulled the trigger did not warrant a lesser sentence. As the District Court pointed out, "the high risk that the robbery would result in a killing should have been obvious to any rational human being." Second, Beaty was not sentenced to life in prison for a mere burglary; rather, his sentence was a product of his "long criminal rec-

ord," including prior convictions for robbery and manslaughter, as well as the District Court's conclusion that Beaty was "beyond reckless" in "carrying [a] gun[ ] to take down a drug dealer" in conjunction with the robbery. Third, the District Court did not err by declining to find that Beaty's trial testimony warranted a lesser sentence, especially considering the careful attention the Court gave to the sentencing factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence. *See Fernandez,* 443 F.3d at 34. Finally, there is no evidence or indication that had Beaty fulfilled his end of the cooperation agreement and received a Section 5K1.1 letter that his sentence would have been only 20 years. Moreover, Beaty forfeited his opportunity to receive a lesser sentence, whatever that might have been, when he withheld from the government his involvement in a conspiracy to intimidate or kill a crucial witness, thus "jeopardiz[ing]" the conviction of his co-defendant.

Accordingly, after careful consideration of defendant's arguments and the record in this case, we find that Beaty's sentence falls well within the broad range of reasonable sentences that the District Court could have imposed.

The judgment of the District Court is therefore AFFIRMED.