**UNITED STATES of America,**
**Appellee,**

v.

**Michael BLISS, Defendant–Appellant.**

No. 06–3039–cr.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2007.

William B. Darrow, Assistant United States Attorney (Thomas D. Anderson, United States Attorney, on the brief), Burlington, VT, for Appellee.

John C. Mabie, Gale, Corum, Mabie, Cook & Prodan, Brattleboro, VT, for Defendant–Appellant.

PRESENT: Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Michael Bliss appeals the sentence imposed after he pled guilty to 11 counts of an indictment charging him with transporting a minor across state borders with the intent to engage in sexual acts (in violation of 18 U.S.C. § 2423(a)), engaging in sexual acts with a minor under 12 years old (in violation of 18 U.S.C. § 2241(a)), using a minor for the purpose of producing visual depictions of sexually explicit conduct (in violation of 18 U.S.C. § 2251(a)), and possessing a video-tape of a minor engaging in sexually explicit conduct (in violation of 18 U.S.C. § 2252(a)(4)(B)(i)). In February 2004, the United States District Court for the Dis-

trict of Vermont sentenced Bliss to 264 months' imprisonment, which was at the mid-point of the 235–293 month range set forth in the U.S. Sentencing Guidelines. The guideline range was calculated based on a Criminal History Category of III and an offense level of 36, which included a 2–level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and a 3–level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

Bliss appealed, and in a published decision issued in November 2005, we remanded the case for resentencing based on the District Court's improper application of the obstruction of justice enhancement, and for consideration of whether to resentence pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Bliss,* 430 F.3d 640 (2d Cir.2005). At the resentencing hearing, the District Court removed the enhancement for obstruction of justice but also declined to apply the 3–point reduction for acceptance of responsibility, yielding a guideline range of 262–327 months—higher than the range from his first sentencing. The District Court imposed a sentence of 264 months' imprisonment, the same length as his initial sentence. Bliss now contends that the District Court acted unreasonably by "withholding the acceptance of responsibility credit it had given to him at his initial sentencing on the same factual record." We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In reviewing challenged sentences for unreasonableness, we do not substitute our judgment for that of the sentencing judge; rather, our review is akin to that for an excess of allowable discretion. *See United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006). Therefore, we consider whether the sentencing judge "exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005) (internal citations omitted).

■ We have considered Bliss's arguments in support of his claim that his sentence is unreasonable and find them to be without merit. The District Court reasonably followed this Court's direction that "on remand Bliss' flight from the jurisdiction may be punished by withholding the acceptance of responsibility credit." *Bliss,* 430 F.3d at 651. Indeed, our opinion was careful to avoid suggesting that Bliss's uncooperative conduct must go unpunished. *Id.* At the initial sentencing the District Court was hesitant about awarding acceptance of responsibility credit, noting that the letter Bliss submitted at trial revealed his failure to accept responsibility for his actions. And, at resentencing, the District Court specifically observed that Bliss's effort to evade arrest and prosecution "certainly amounts to an indication of not accepting responsibility." Bliss's resentencing is reasonable in light of his actions and the policy considerations in favor of not providing leniency to criminal defendants who abscond. Moreover, the District Court carefully followed the directions of this Court in reassessing Bliss's sentence, thus acting clearly within the bounds of allowable discretion.

■ In addition to challenging the non-application of acceptance-of-responsibility credit, Bliss's brief appears to challenge his sentence on grounds of substantive unreasonableness. We can review sentences

for substantive reasonableness pursuant to *United States v. Rattoballi,* 452 F.3d 127, 132 (2d Cir.2006). We have declined to establish a presumption that a Guidelines sentence is reasonable. *See United States v. Fairclough,* 439 F.3d 76, 80 (2d Cir. 2006). However, we also have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez,* 443 F.3d at 27. This reflects the fact that "by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case." *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2456, 168 L.Ed.2d 203 (2007). Bliss's sentence of 264 months falls near the bottom of the guideline range of 262–327 months. We find that the sentence was well within the broad range of reasonable sentences that the District Court could have imposed.

Accordingly, the judgment of the District Court is AFFIRMED.