UNITED STATES of America, Appellee,

v.

Patrick M. COLE, Defendant–Appellant.

No. 07–4623–cr.

United States Court of Appeals, Second Circuit.

Oct. 21, 2008.

Gretchen L. Wylegala, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney, United States Attorney's Office for the Western District of New York, for Appellee.

Mary Beth Covert, (Timothy W. Hoover, on the brief), Federal Public Defender's Office for the Western District of New York, Buffalo, NY, for Defendant–Appellant.

Present: RICHARD C. WESLEY, PETER W. HALL and JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

Appellant Patrick M. Cole appeals from the September 20, 2007 judgment of conviction of the United States District Court for the Western District of New York (Richard J. Arcara, J.) sentencing Cole to ninety months incarceration. Cole pled guilty to one count of mail fraud. At sentencing the district court determined (1) that the two level sophisticated means enhancement of § 2B1.1(b)(9)(C) of the United States Sentencing Guidelines ("Guidelines") applied to Cole's crimes, (2) that a non-Guideline sentence was warranted, and (3) that Cole did not have a due process right to view the probation officer's sentencing recommendation. *United States v. Cole,* No. 07–4623 (September 20,

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

2007). Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

We review the district court's sentencing for "unreasonableness." *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). A sentence must be both procedurally and substantively reasonable. *United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005). We consider each of these prongs under an abuse of discretion standard. *Gall v. United States*, —— U.S. ——, ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

■ Cole argues first that his sentence is procedurally unreasonable because the sophisticated means enhancement should not have been applied. We review an application of the Guidelines *de novo*. *United States v. Loudon*, 385 F.3d 795, 797 (2d Cir.2004). The commentary to the Guidelines defines sophisticated means as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1(b)(9)(C) cmt. n. 6. The Guidelines list examples of qualifying conduct such as, "in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ..." and "hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ..." *Id.* In determining whether to apply the enhancement to a mail fraud case, courts have asked whether the defendant's mail fraud scheme, "when viewed as a whole, was notably more intricate than that of a garden-variety mail fraud scheme." *United States v. Hance*, 501 F.3d 900, 909–910 (8th Cir.2007); *see also United States v. Lewis*, 93 F.3d 1075, 1083 (2d Cir.1996).

The district court did not err in finding that the sophisticated means enhancement applied to Cole's scheme. The Guideline commentary and case law on the subject both support this conclusion. Cole solicited money in one jurisdiction and represented that his company's office was located in another. He also incorporated an entity in a foreign jurisdiction and utilized that corporate shell to make his scheme appear legitimate. These factors are indicative of sophisticated means. Cole also fabricated financial statements and utilized a mail forwarding service to make it look as though his victims were receiving the statements from an address in Nevada, where his shell corporation was located. Indeed, even less sophisticated conduct has been held by other courts to constitute sophisticated means. *See United States v. Rettenberger*, 344 F.3d 702 (7th Cir.2003) (applying sophisticated means enhancement where husband faked an injury and wife collaborated with him in order to collect insurance); *United States v. Halloran*, 415 F.3d 940, 945 (8th Cir.2005) (applying sophisticated means enhancement where defendant created fraudulent mortgages using "a corporate entity, numerous fraudulent documents and forged notary stamps").

■ Cole also claims that his sentence was procedurally unreasonable because it was based on clearly erroneous factual findings. The district court based its departure from the Guidelines on three factors: (1) the non-financial harm to the victims, (2) Cole's failure to account for the majority of the fraudulently obtained money and (3) Cole's lack of remorse. The record provides adequate support for each of these findings. The district court did not impose Cole's sentence in a procedurally unreasonable manner.

Cole objects that his sentence was substantively unreasonable because the factors upon which the district court relied in imposing a non-Guideline sentence did not

warrant a departure from the Guidelines. This argument also fails. The Sentencing Guidelines may not adequately address the non-financial harm to victims, and, thus, an upward departure may be justified in some cases. *See, e.g., United States v. Fairclough*, 439 F.3d 76, 80–81 (2d Cir.2006). Although the Guidelines allow a downward adjustment for acceptance of responsibility by the defendant, which the district court applied, they do not account for whether or not the defendant is remorseful. Section 3553(a) is broad enough to allow consideration of factors such as non-financial harm and lack of remorse in imposing a sentence. The district court was therefore reasonable in imposing an above-Guideline sentence.

■ Lastly, Cole claims that his constitutional right to due process was violated because the district court did not disclose the probation officer's sentencing recommendation. Cole bases this claim on the Supreme Court's statement in *Gardner v. Florida* that a defendant "was denied due process of law when the death sentence was imposed, at least in part, on the basis of information which he had no opportunity to deny or explain." 430 U.S. 349, 362, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). Even assuming *arguendo* that *Gardner* entitles Cole to all information on which his sentence was based, his constitutional claim is without merit because the district court disclosed all relevant information. The court expressly stated that "any information that this court has considered in imposing a sentence here has been disclosed to the defendant." Transcript of Resentencing Proceedings at 13, *United States v. Cole*, No. 04–CR–292A (September 20, 2007). Either the court did not rely on the probation officer's sentencing recommendation, or it disclosed any relevant information contained in the recom-

mendation to Cole. Thus, Cole's constitutional claim must fail.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.