14-3750-cr
*United States v. Donald Glenn*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand fifteen.

Present:
　　　　ROBERT A. KATZMANN,
　　　　　　　*Chief Judge*,
　　　　ROSEMARY S. POOLER,
　　　　DENNY CHIN,
　　　　　　　*Circuit Judges*.

――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

　　　　*Appellee*,　　　　　　　　　　No. 14-3750-cr

　　　　　v.

DONALD GLENN,

　　　　*Defendant-Appellant*.

――――――――――――――――――――――――――

For Appellee:　　　　　　　　Avi M. Perry and Sandra S. Glover, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:               John D. Maxwell and Cody N. Guarnieri, Brown,
                                       Paindiris & Scott, LLP, Hartford, CT.


Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Donald Glenn appeals a September 24, 2014 judgment of conviction and sentence entered by the United States District Court for the District of Connecticut (Bryant, *J.*). Following the defendant's guilty plea on June 16, 2014, to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of escape from custody in violation of 18 U.S.C. § 751(a), the district court sentenced Glenn to, *inter alia*, 55 months' imprisonment, nine months above the top of his Sentencing Guidelines range of 37–46 months, followed by five years of supervised release. The defendant now challenges the procedural reasonableness of his sentence, as an above-Guidelines sentence without sufficient justification on the record. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Because the defendant did not raise this challenge to his sentence before the district court, this Court reviews his unpreserved challenge for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). Under Rule 52(b) of the Federal Rules of Criminal Procedure, plain error review permits relief only where (1) there is "error," (2) the error "is plain," (3) the error "affect[s] substantial rights," and (4) the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Groysman*, 766 F.3d 147, 155 (2d Cir. 2014) (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)). Under this standard, we conclude there is no error.

A sentence is procedurally unreasonable if the district court, *inter alia*, "fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). The district court must (1) generally "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), and (2) where the court imposes a sentence outside the applicable Guidelines range, as it did here, it must state the reason for the variance, 18 U.S.C. § 3553(c)(2). However, such statements need not be exhaustive. "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon [the] circumstances." *Rita v. United States*, 551 U.S. 338, 356 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id*.

Here, the district court's imposition of an above-Guidelines sentence is consistent with case law in this circuit recognizing that an upward variance from a defendant's Guidelines range is warranted where the range underrepresents the defendant's criminal history and importantly, likelihood of recidivism. *See, e.g.*, *United States v. Fairclough*, 439 F.3d 76, 81 (2d Cir. 2006) (per curiam). Here, the court specifically found that the defendant was a "particularized recidivist insisting upon conducting himself in the exact same criminal predatory, narcissistic, selfish manner over and over again notwithstanding all that society has attempted to do or equip him to do" and that "[t]here is no doubt that the community needs to be protected from him and there is no doubt that he poses a very high risk of recidivism." Gov't App. 77. Such an explanation satisfies the requirements of 18 U.S.C. § 3553(c) generally as well as 18 U.S.C. § 3553(c)(2) specifically. Given the defendant's criminal history, which included prior federal convictions for bank fraud and nineteen convictions overall, this court is satisfied that the sentencing judge acted with "a reasoned basis." *Rita*, 551 U.S. at 356.

3

We have considered all of the defendant-appellant's remaining arguments, and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4