09-4934-cr
*United States v. Reese*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand and ten.

PRESENT:

      RALPH K. WINTER,
      DEBRA ANN LIVINGSTON,
      GERARD E. LYNCH,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

        v.                                No. 09-4934-cr

DESHAWN REESE, also known as Day Day,

                  *Defendant-Appellant*.

_____

LORETTA E. LYNCH, United States Attorney for the Eastern District of New York (Jo Ann M. Navickas and Andrew E. Goldsmith, Assistant United States Attorneys, *of counsel*), Brooklyn, New York, *for Appellee*.

CURTIS J. FARBER, New York, New York, *for Defendant-Appellant*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Defendant-Appellant Deshawn Reese, a/k/a Day Day ("Reese"), appeals from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*), finding him guilty of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, 21 U.S.C. §§ 846, 841(b)(1)(A)(iii), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(a)(ii). The court sentenced Reese to 120 months imprisonment on the conspiracy charge, and 120 months imprisonment on the firearm count, to be served consecutively. We assume the parties' familiarity with the underlying facts and procedural history.

On appeal, Reese contends that his total sentence of 240 months was substantively unreasonable, on the ground that the district court relied too heavily on his criminal history to the exclusion of other relevant factors specified in 18 U.S.C. § 3553(a).[1] *See United States v. Crosby*, 397 F.3d 103, 113-15 (2d Cir. 2005). Our review of challenges to "the sentence itself," *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006), is limited to 'reasonableness,'" *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (citing *United States v. Booker*, 543 U.S. 220, 261-64 (2005)). We have made clear that "'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries." *Crosby*, 397 F.3d at 115; *see United States v. Jones*, 460 F.3d 191, 195-96 (2d Cir. 2006); *United States v. Fairclough*, 439 F.3d 76, 79 (2d Cir. 2006). We thus

---

[1] Reese also argued that his sentence violated this Court's decisions in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), and *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009). As Reese has subsequently withdrawn this argument, we do not consider it here.

"exhibit restraint, not micromanagement," in our review. *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005).

On the record before us, we cannot agree with Reese that the district court's sentence was substantively unreasonable. The district court explicitly noted the § 3553(a) factors during Reese's original sentencing and incorporated its prior findings during resentencing. The court reasonably arrived at an above-Guidelines sentence, concluding that Reese's continuing criminal activity supported such a sentence. *See Fairclough*, 439 F.3d at 79-81. We therefore decline to vacate Reese's sentence on the grounds before this Court.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk